*J. L. Mayson* and *W. D. Ellis Jr.,* for defendants.

---

WADLEY, executor, *et al. v.* LECATO *et al.*

ATKINSON, J. 1. Seaborn A. Jones died in 1856, leaving a will which was probated in the same year. Five executors were named. The will directed that the estate should be kept together, but that it should be divided upon (among other contingencies) the marriage of a daughter. In the division "shares falling" to daughters were bequeathed to the executors as trustees for the daughters. Direction was given that the trustees should allow the daughters and their respective husbands to possess and use their respective shares, except money and the like. As to this class of property it was directed that only the interest be paid to the daughters. Relatively to the "shares falling" to the daughters, other contingent estates were created to attach after the death of the daughters, and the trustees were directed to deal therewith as follows: (1) If a daughter, having married, should die leaving no child or children, but a husband surviving her, the share of the daugh-

12

ter "shall be held by my executors in trust as aforesaid for said surviving husband, provided he be not in esse at the time of my death, for the space of twenty-one years next succeeding the death of said daughter, should he live so long; if not, then for the space of his natural life, but if such husband so surviving be a person in esse at the time of my death, then during the term of his natural life, and at his death to be divided per stirpe between my other children then in life and the lineal representatives of any who may have died previously." (2) If a daughter should die leaving a husband and a child or children, then her share to be held by "my executors in trust for the joint use of such child or children and the husband until the eldest of such child or children shall attain the age of twenty-one; then the interest of such husband and the trust estate shall cease, and the whole vest in fee simple in such child or children." (3) Should a daughter die leaving no husband, but a child or children surviving her, "then at the death of said daughter her trust estate shall cease and vest in fee simple in such child or children." (4) If a daughter should die leaving no husband or child or children, then her share "shall be divided" between testator's other children in life and the representatives of deceased children, the division to be per stirpes. *Held:*

(a) The will created particular estates for daughters in property which might constitute the "shares falling" to them respectively in the division of the testator's estate.

(b) Upon the death of one of such daughters who after distribution died during widowhood, leaving children, the latter became entitled, as remaindermen in fee, to the realty included in the share falling to such daughter.

(c) Full legal title in fee to such realty was vested in trust in such persons appointed executors and trustees as accepted and qualified.

(d) The several contingent estates contemplated by the testator were of such character as to render it impossible, during the life of a daughter, to ascertain to whom the property falling to her in the division would ultimately go; and the duty devolved upon the trustees to continue holding title and ascertain the beneficiaries, as the contingencies might arise, entitling them severally to the property, until one of the contingencies should happen which would point out the person to whom the property would ultimately go, and then to deliver the property to him. The trust, therefore, remained executory, at least until the death of the daughter of testator, and the interest of surviving children of such daughter as remaindermen was represented by the trustees. *Thomas & Co.* v. *Crawford,* 57 *Ga.* 211; *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46); *Jones* v. *Rountree,* 138 *Ga.* 757 (76 S. E. 55). The mere adoption of the married woman's act of 1866 did not affect the trust as to the remaindermen. *Riggins* v. *Adair,* 105 *Ga.* 727 (31 S. E. 743); *Moore* v. *Sinnott,* 117 *Ga.* 1010 (44 S. E. 810).

2. After the marriage of Mary A. Jones, a daughter of testator, to William H. Chew, application was made to the judge of the superior court, setting up the fact of such marriage, and alleging that John J. Jones was then the sole acting executor and the sole acting trustee of Mary A. under the will, and, that he desired to be relieved from his trust, and to have some other person appointed. The application was made

in the name of Mary A., "by her next friend and trustee, John J. Jones." The judge granted an order at chambers, reciting in substance all that is stated above, and adjudging "that said John J. Jones be and is hereby relieved from his trusteeship of Mary A. Chew under the will of said Seaborn A. Jones, and that said William H. Chew, husband of said Mary A., be and is hereby appointed trustee of said Mary A. under said will in lieu and place of said John J. Jones, and that said William H. Chew do give bond with good security, to be approved by the ordinary of Burke county, in double the sum of any money or other personal securities received by him as said trustee, to hold the same subject to the provisions of said will." *Held*, that this order is not sufficiently broad to authorize a construction that the substituted trustee was appointed trustee for the children of Mary A. Chew.

3. Before the appointment of Chew as trustee, Jones as executor had made application to the court of ordinary to have the testator's estate divided, on the ground that one of the daughters had married, an event named in the will upon the happening of which it was directed that distribution among the legatees should occur. Partitioners were appointed, but they did not make return until after the order relieving Jones and appointing Chew as trustee. In the return the share falling to Mary A. was by the partitioners set apart to "Wm. H. Chew, trustee for his wife, Mary." After the property was so set apart Chew as trustee, his wife Mary A., and two of their minor children (appearing by John D. Munnerlyn as guardian ad litem) presented a petition to the judge of the superior court, alleging that on a stated day, by order of that court, William H. Chew was appointed "trustee of his wife," of designated property "coming to her" under the will of her father, etc.; also that for stated reasons the trustee was desirous of selling for reinvestment the property designated in the petition (including the land in dispute); also that the trustee had the opportunity of selling "said trust estate for what is considered its full value" to named persons (under whom defendants claim); and thereupon prayed for an order granting the "trustee" leave to sell the "trust property" and reinvest the proceeds "upon the same trusts and limitations as specified in the last will and testament of said Seaborn A. Jones, deceased." Upon this application an order was granted by the judge at chambers, authorizing the sale as prayed, and ordering further that a report be made of the reinvestment. After this order was granted, a sale was made, and a deed purporting to be under authority of the order was executed to the purchasers by "Wm. H. Chew, trustee of his wife Mary A. Chew, and children Benj. A. and Ruth L. Chew, under the last will and testament of Seaborn A. Jones." *Held:*

(a) As the order of court appointing Wm. H. Chew trustee was insufficient to make him trustee for the children, he never acquired any title for the children which he could sell or convey.

(b) The order of sale, granted at chambers upon application in which the children appeared as parties by guardian ad litem, was insufficient to conclude them by judgment.

(c) Nor was the order or deed made by the trustee in pursuance of such sale sufficient to estop the children from suing to recover their remainder interest after the death of their mother.

4. There was no evidence of possession upon which to base a prescriptive title for the defendants.

5. The description of the land in dispute, set forth in the petition, was not too indefinite to support a verdict for the plaintiffs.

6. Under the uncontroverted evidence there was no error in directing a verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur.*

December 10, 1912. Rehearing denied January 25, 1913.

Complaint for land. Before Judge Rawlings. Jenkins superior court. July 18, 1911.

*E. L. Brinson, W. H. Davis,* and *Miller & Jones,* for plaintiffs in error.

*Pierce Brothers, W. K. Miller,* and *H. M. Holden,* contra.