### WATTS *v.* BOOTHE, administratrix.

ATKINSON, J. It was provided in item five of a will probated in 1858: "I give and bequeath to . . Willis Allen [and two others] for the sole and exclusive use and in trust for my seven daughters, for and during natural life or lives of my said daughters and after their death or deaths to their children, respectively, my said daughters being named [then follow their names, included among whom was Dolly Ann], . . seven ninths of all the rest and residue of my property not herein disposed of, unless my wife bears unto me another child, and in that case seven tenths of said residue, which said seven ninths said Willis Allen [and two others] is to have and to hold for the sole and exclusive uses, benefit, and behoof and in trust for my said daughters in this item named and their children. In case of the death of any one of my said daughters dying without child or children, then their part or portion is to survive and become vested in the survivors subject to the aforementioned trust." In 1868 Dolly Ann Boothe married at the age of fifteen years, and children were born to her in the years 1869, 1875, 1878, and 1882, respectively. The trustees named in the will did not qualify, and in 1868 Dolly Ann, who by marriage had become Dolly Ann Watts, filed by next friend a petition to the superior court, alleging that she was "one of the legatees under the will, . . and that the property given her was given to her and her children, making it a trust property," and that the property was of a stated value, and "Mrs. Dolly A. Watts has no trustee," and praying that the court appoint William B. Watts, the husband of petitioner, "trustee for said estate." At the October term of court, the judge "ordered that William B. Watts be and is hereby appointed trustee as aforesaid, upon his giving bond and security" in a stated amount. Bond was duly given, and upon a division of the estate of the testator certain land was set apart to William B.

Watts as trustee for Dolly A. Watts. In 1869 W. B. Watts, as trustee for his wife Dolly Ann, made application to the superior court for an order to sell the land for reinvestment; and an order was granted at chambers authorizing the sale. In 1870 W. B. Watts, as trustee for Dolly Ann Watts, sold to James E. Boothe, and executed to him a deed purporting to convey the land in fee simple. Subsequently James E. Boothe made a deed of gift to his son, W. D. Boothe, who died in possession. James E. Boothe and his successors in title, including W. D. Boothe and the administratrix upon his estate, remained in continuous adverse possession of all the land, evidenced by enclosure and cultivation, from 1870. W. B. Watts died in 1907. The children of Dolly Ann above referred to, while she was yet in life, instituted an action in 1914 against the administratrix upon the estate of W. D. Boothe, to enjoin the commission of waste upon the land. The defendant pleaded, among other things, title by prescription; and the case was submitted to the judge without a jury, upon an agreed statement of facts. Judgment was rendered for the defendant, and the plaintiffs excepted. *Held:*

1. The provision of the will above quoted created an estate for life in Dolly Ann, the daughter of the testator, with remainder to such child or children as she may leave at her death, and if she should leave no child or children, then in trust for the other daughters of the testator and their children. The trustees appointed in the will were not trustees for the life-tenant only, but for the life-tenant and remaindermen, and the trust was executory at least until the death of the life-tenant, when the possibility of her having children would become extinct, and it could be ascertained to whom the estate would ultimately go. *Ford* v. *Cook,* 73 *Ga.* 215; *Dean* v. *Central Cotton Press Co.,* 64 *Ga.* 670; *In Re Dougan,* 139 *Ga.* 351 (77 S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1914B, 868).

   (a) The rulings in *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431), *Smith* v. *McWhorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85), and *Seaboard Air Line Ry.* v. *Simmerville,* 142 *Ga.* 317 (82 S. E. 890), upon review on request as provided in the Civil Code, § 6207, are overruled in so far as they hold that the estates in remainder in each were legal and not comprehended by the trust.

2. Construing the order of court appointing William B. Watts trustee, in connection with the allegations and prayers of the petition, the appointment extended to the entire estate, and the appointee became trustee for the life-tenant and the remaindermen.

3. The application for leave to sell was solely as trustee for Dolly Ann Watts, and the order authorizing the sale applied only to the life-estate. *Wadley* v. *LeCato,* 139 *Ga.* 177 (2), 178 (77 S. E. 47).

4. Prescription began to run in favor of James E. Boothe and his successors in title from the date of the purchase in 1870; and the judge was authorized, under the agreed statement of facts, to find for the defendant upon the basis of prescription. *Gunby* v. *Alverson,* 146 *Ga.* 536 (91 S. E. 556).

   (a) As the trustee continued in his representative capacity for more than the prescriptive period after the possession of the prescriber commenced, the question involved in *Jones* v. *Rountree,* 138 *Ga.* 757 (76 S. E. 55),

and *Ayer* v. *Chapman*, 146 *Ga.* 608 (91 S. E. 548), as to the effect of the trust estate being unrepresented, upon which there was a division of opinion among the Justices rendering that decision, is not now for consideration.          *Judgment affirmed. All the Justices concur.*

No. 493. SEPTEMBER 13, 1918. REHEARING DENIED SEPTEMBER 25, 1918.

Equitable petition. Before Judge Graham. Pulaski superior court. October 9, 1917.

*Hall & Grice, W. L. Grice,* and *H. F. Lawson,* for plaintiff.

*Hardeman, Jones, Park & Johnston* and *Howard E. Coates,* for defendant.