## JOHNSON *v.* JOHNSON, executrix.

</div>

1. The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears. Civil Code (1910), § 3680.
2. A testator bequeathed and devised his entire estate to his wife during her natural life or widowhood. At her death, should she not have remarried, the property is to be equally divided between the children of testator, share and share alike. If any of the children should die leaving children, they are to take the share of his or her deceased parent. "In the event my wife, . . should marry again, then upon such marriage, . . the whole of my estate both real and personal shall be divided at once, equally between my wife and children, share and share alike; the share that falls to my wife I give to her absolutely and forever, and the part or share that falls to each of my children I give to such child absolutely and forever. The children of any deceased child to take the share or portion of such deceased child." *Held,* that the will created a life-estate in the widow during her life or widowhood, and a remainder, which became vested on the death of the testator, of a one-tenth interest in the estate, to each of the children of the testator who were living at that time. The above interest of the children is subject to be enlarged to a one-ninth interest in the event the widow (life-tenant) does not marry again (she being still in life), the latter interest being contingent upon the event and not the person.
3. Item 3 of the will conferred upon the widow the power "to advance any child, as he or she may attain the age of twenty-one (21) years, such part of my estate, not exceeding the just proportion or part of my estate that would go to such child upon the marriage or death of my wife,

as she may see fit and proper to advance; but in no event shall she be compelled or required to make said advancements to such child or any of my children." It appearing from the allegations of the petition that the widow of the testator, in pursuance of the above power, is proceeding to make advancements to a portion of the legatees, to the exclusion of the plaintiff, the latter has the right to have an accounting and an apportionment to her of her interest in the estate.

4. The court did not err in overruling the demurrer.

No. 4014. JULY 18, 1924.

Equitable petition. Before Judge Mathews. Bibb superior court. September 29, 1923.

*Jones, Park & Johnston,* for plaintiff in error.

*Wallis & Fort,* contra.

HILL, J. Mrs. Nanilu Johnson, as executrix of the last will and testament of A. L. Johnson, deceased, brought an equitable petition against Mrs. Elizabeth Johnson, and alleged substantially the following: W. G. Johnson died testate in June, 1897; his will was duly probated in Bibb County, the material portions of which are as follows:

"Item first. I give, bequeath, and devise unto my beloved wife, Elizabeth Johnson, all of my estate, both real and personal and in whatever consisting, for and during her natural lifetime or widowhood. At her death should she not have married again, said property shall be equally divided between my children, share and share alike. In the event any of my children should die, leaving a child or children, to take the share or part, of his, her, and their deceased parent.

"Item second. In the event my wife, the said Elizabeth, should marry again, then upon such marriage I desire and direct that the whole of my estate both real and personal shall be divided at once, equally between my wife and children, share and share alike; the part or share that falls to my wife I give to her absolutely and forever, and the part or share that falls to each of my children I give to such child absolutely and forever. The children of any deceased child to take the share or portion of such deceased child.

"Item third. I authorize and empower my wife to advance any child, as he or she may attain the age of twenty-one (21) years, such part of my estate, not exceeding the just proportion or part of my estate that would go to such child upon the marriage or death of my wife, as she may see fit and proper to advance; but

in no event shall she be compelled or required to make said advancements to such child or any of my children."

At the testator's death he had nine children, all living, and no child had died leaving children. A. L. Johnson, one of testator's sons, married the plaintiff. A. L. Johnson died after the testator, leaving no children, but died testate, leaving his mother, Elizabeth Johnson, and his wife, Nanilu Johnson, as his sole legatees under his will. It is alleged that the testator, W. G. Johnson, died seized and possessed of an estate consisting largely of real estate situate in the city of Macon, which was worth some $50,000 or $75,000; that under the will of W. G. Johnson his wife, Elizabeth Johnson, took a life-estate in all of his property, with remainder over to their children, subject to the life-estate of Elizabeth Johnson being terminated upon her remarriage, in which event she would take an equal interest with the children in fee simple; that all of the property has been delivered to Elizabeth Johnson by the executor of the will, who has assented to the legacy, and the duties of the executor have been fully performed; that under the will of A. L. Johnson the plaintiff took a one-half undivided interest in the share that A. L. Johnson took under the will of W. G. Johnson; that A. L. Johnson devised the other undivided half interest in the property to his mother, Elizabeth Johnson; that under the authority vested in Elizabeth Johnson by the will she did make to A. L. Johnson advances from time to time, in equal proportion to the advances made to the other children, thus recognizing his interest in the estate; that since the death of A. L. Johnson the defendant has refused and still refuses to recognize that petitioner has any interest in the estate of W. G. Johnson, whatsoever, or that she has any right to any interest therein; that Elizabeth Johnson is not under bond, and has no other property except such of the life-estate as she has not disposed of; that in March, 1919, the defendant made to all of the children of W. G. and Elizabeth Johnson, except the plaintiff, a deed to valuable property of the estate of testator in the city of Macon, at an agreed valuation of $30,000, and the grantees in the deed about the same date made a deed to the property to a certain corporation for the consideration of $30,000, the grantees and grantors of the respective deeds being all of the children of W. G. and Elizabeth Johnson, except A. L. Johnson, the husband of the plaintiff; that since

the death of A. L. Johnson Elizabeth Johnson has advanced from time to time to the remaining children of W. G. Johnson large sums, to the exclusion of plaintiff, who has not received anything whatsoever from the estate since the death of A. L. Johnson, the defendant claiming that plaintiff is not entitled to any interest or right to any interest in the estate; that since the death of A. L. Johnson the defendant has sold some of the property and is threatening to sell still other portions of the estate, all of which is to the injury and damage of plaintiff and without her consent; that there will be an insufficient amount of property at the death of Elizabeth Johnson to equalize the interest of plaintiff with that of the other children; that unless the defendant is restrained she will continue to dispose of the estate and dissipate the same; that under the will A. L. Johnson took a vested-remainder interest in the estate of testator, and was entitled to a one-ninth undivided interest therein subject to the interest being reduced to a one-tenth in the event of the marriage of the defendant; that upon the death of A. L. Johnson the plaintiff was entitled, under his will, to one half of the interest that A. L. Johnson, her husband, was entitled to; that it would be inequitable and unjust to allow the defendant to still divide or advance any of the corpus of the estate and not to make a just and equitable distribution or advancement to each of the children and to plaintiff, as provided for in the will; that A. L. Johnson never received during his lifetime any greater interest in the estate than the rest of the children, and since his death, although many advances have been made to the other children, plaintiff has not received anything whatsoever; that unless a court of equity intervenes and restrains the defendant from disposing of the corpus, or any part thereof, of the estate to the exclusion of plaintiff, her damages will be irreparable and incapable of being computed. Wherefore she prays: (a) That the defendant be restrained and enjoined from selling or in any manner disposing of any of the corpus of the estate of W. G. Johnson. (b) That the interest of plaintiff in the estate, under the will of W. G. Johnson, be determined and established. (c) That the defendant be required to make an accounting for all of the sales or other disposition of the corpus of the estate of W. G. Johnson since the death of A. L. Johnson on January 17, 1914. (d) That plaintiff have judgment for such part of the

estate as has been sold, to equalize her interest with the advancements made to the children of W. G. Johnson. There is also a prayer for process and general relief.

The defendant demurred to the petition, because: (1) It sets forth no cause of action. (2) Under her allegations the plaintiff is not entitled to the relief sought. (3) The petition is predicated on an erroneous interpretation of the will. (4) Under the will and the facts set forth in the petition, no interest in the estate of W. G. Johnson passed under the will of A. L. Johnson. To a judgment overruling the demurrer the defendant excepted.

It is insisted by the plaintiff in error that there is but one question presented for determination in this case, viz., when are the remaindermen under the will of W. G. Johnson ascertained; at his death or on the death or marriage of his widow? In the view we take of it there are other questions raised by the petition and demurrer. Outside of the statement in the bill of exceptions that the court below overruled the demurrer on each and all of the grounds thereof, there is no judgment or opinion of the court below in the record. The questions raised by the petition and demurrer are involved. We are of the opinion that the will of the testator created a remainder, which became vested on the death of the testator, of a one-tenth interest in the estate, to each of the children of the testator who were living at that time. *McGinnis* v. *Foster,* 4 *Ga.* 377; *Vickers* v. *Stone,* 4 *Ga.* 461; *Clanton* v. *Estes,* 77 *Ga.* 352 (1 S. E. 163); *Schley* v. *Williamson,* 153 *Ga.* 245 (111 S. E. 917); *Green* v. *Driver,* 143 *Ga.* 134 (84 S. E. 552); *Crossley* v. *Leslie,* 130 *Ga.* 783 (61 S. E. 851, 14 Ann. Cas. 703); *Mendel* v. *Stein,* 144 *Ga.* 107 (86 S. E. 220). The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator, in order to vest remainders, unless a manifest intention to the contrary appears. Civil Code (1910), § 3680. The wife and all of testator's children were living at the time of his death. At that time such children took an undivided one-tenth vested remainder interest in the testator's estate. But the will (item 2) also provided that "In the event my wife, the said Elizabeth, should marry again, then upon such marriage I desire and direct that the whole of my estate both real and personal shall be divided at once, equally between my wife and children, share and share alike; the part or

share that falls to my wife I give to her absolutely and forever, and the part or share that falls to each of my children I give to such child absolutely and forever. The children of any deceased child to take the share or portion of such deceased child." Here is a contingency provided which has not happened—the widow still being in life at the time of this suit,—and which contingency of marriage may not happen. Therefore, on the death of the testator, each of his children living at that time took a one-tenth vested remainder interest in his estate, subject to be enlarged to a one-ninth interest in the event the widow (life-tenant) does not re-marry, the latter interest being contingent upon the *event* and not the person. Civil Code (1910), § 3677. If the widow of testator never remarries, then at her death all the children of W. G. Johnson, including the "children" of any who may have died, who represent their deceased parent, take an additional one-ninth of one-tenth contingent remainder interest in the estate of the testator. A. L. Johnson, a son of testator, having died child-less and testate before the life-tenant, his legatees under his will stand in his stead and take his interest. From the foregoing it follows that A. L. Johnson had both a vested and contingent re-mainder interest in the estate of W. G. Johnson, and when A. L. Johnson died testate his legatees took whatever interest he had in the estate. If the widow of the testator, as alleged, is advanc-ing to other legatees of W. G. Johnson more than their respective shares in the estate of testator, and is selling off the property of the estate to the exclusion of the plaintiff, the latter is entitled to an injunction to prevent it, under the allegations of the petition, and to an accounting for such proportionate share in the proceeds of such sales as may have been made.

*Judgment affirmed. All the Justices concur.*