DUNCAN, executrix, *v.* VERNER *et al.*

No. 7959.   MARCH 14, 1931.   REHEARING DENIED APRIL 20, 1931.

*Z. B. Rogers* and *Raymonde Stapleton,* for plaintiff in error.
*J. T. Sisk,* contra.

HINES, J.   On February 15, 1865, Samuel B. Stanford, in consideration of natural love and affection for his daughter, Mary C. Lovingood, wife of James M. Lovingood, by his deed gave and conveyed described realty to his said daughter, "as trust property for her sole and separate use, benefit, and advantage for her life, exempt and free from the marital rights, and all debts, liabilities, and contracts (present and future) of said James M. Lovingood, or any other future husband she may have, and at her death to such child or children or representative thereof as she may leave in life." This deed contains this habendum clause: "To have and to hold said property to said daughter and her children as trust property as above specified forever."   Said deed contained this provision:

"I hereby constitute and appoint said James M. Lovingood trustee for my said daughter, to preserve and protect her rights in said property." On the same day Lovingood accepted said trust by a writing at the end of said deed in the form following: "I accept the above trusteeship. Feb. 15, 1865. James M. Lovingood." Lovingood, trustee, and his wife, Mary C. Lovingood, applied to the judge of the superior court of Elbert County for authority to sell the realty embraced in said deed and to reinvest the proceeds in a home in the City of Atlanta. They attached to their petition a copy of the deed above referred to. On 'October 11, 1889, at chambers, the judge passed an order calling upon the children of Lovingood and wife to show cause before him, at the courthouse at Washington, Georgia, on the first Monday in November, 1889, why the prayers of said petition should not be granted. The judge appointed one Bridwell as guardian ad litem for Maggie M. Bridwell, a minor daughter of petitioners, and appointed one Tate as guardian ad litem for the other minor children of petitioners. His order further provided, that, after said guardians ad litem had consented in writing to serve as such, they and each of said minor children should be served personally with a copy* of the petition and order ten days before the hearing. The guardians ad litem consented in writing to serve as such. They and all the minor children were served with a copy of the petition and order. On November 4, 1889, the judge passed an order authorizing and empowering the trustee to sell the property embraced in the above deed, and directing him to invest the proceeds of the sale in a described lot in the City of Atlanta and the improvements thereon. On November 26, 1889, Lovingood as trustee for his wife and her children sold said property to Josiah Auld.

Auld by his will devised this property to his wife, Rachel Auld. The latter died testate. By her will she named Anne Duncan her executrix, and directed her to hold the property together, care for it, and preserve it during the life of Robert Auld, a son of testatrix. James M. Lovingood died on May 27, 1897. Mary C. Lovingood died on April 22, 1924, leaving five children living at the time of her death. Two of her children, Maggie Bridwell and Addie Blackwell, died prior to the death of their mother. Mrs. Blackwell left four children, and Mrs. Bridwell died leaving no children. In 1929 the children and grandchildren of Mary C. Lovingood brought, in

Elbert superior court, their action against Anne Duncan, the executrix of Rachel Auld, deceased, to recover the real estate conveyed in the above deed from Stanford to Mary C. Lovingood. They claimed title to said real estate under said deed. The case came on for trial; and the same was submitted to the trial judge to pass upon all questions of law and fact, without the intervention of a jury, and to render judgment therein. On the trial of the case the evidence disclosed the facts above set out. After argument the court took the case under advisement, and on July 13, 1930, rendered judgment in favor of the plaintiffs. To this judgment the defendant excepts and says that the judge erred in awarding said judgment in favor of the plaintiffs, upon the ground that it was contrary to law, without evidence to support it, that it was based upon an incorrect construction of the deed from Samuel B. Stanford to Mary C. Lovingood and her children; the defendant contending that the only legal judgment that could have been rendered in the case should have been in her favor, for the reason that the deed from Stanford to Mary C. Lovingood and her children, created a trust estate for both Mary C. Lovingood, the life-tenant, and her children, the remaindermen, and that title to this property was divested by the order of the judge of the superior court, granting the trustee authority and power to sell the same and reinvest the proceeds in other property.

In the granting clause of the above deed the real estate therein described was conveyed to the daughter of the grantor "as trust property, for her sole and separate use, benefit, and advantage for her life, exempt and free from the marital rights, and all debts, liabilities, and contracts . . of said James M. Lovingood, or any other future husband she may have, and at her death to such child or children or representative thereof as she may leave in life." The land, the subject-matter of the deed, is thus expressly conveyed as trust property. The habendum clause of this deed expressly declares that the daughter is to have and to hold said property to herself "and her children as trust property" forever. The deed appoints the husband of the daughter as her trustee "to preserve and protect her rights in said property." The deed does not expressly appoint a trustee for the children of the daughter; but the deed conveys the property to the daughter as trust property for her use during her life and at her death to such child or children or

representative thereof as she might leave in life. The daughter took the title to this property as trust property for her own use during her life, and for the use of such child or children or representative thereof as she might leave in life. She thus took the title as trustee for the remaindermen. As she could not take title to her life-estate as trustee for herself, the grantor named her husband as trustee "to preserve and protect her rights in said property." If no trustee had been appointed for the remainder interests of the children, the trust would not fail by reason of that fact. Civil Code (1910), § 3781. But in this case the title was put in the daughter to the life-estate and to the remainder interests; and as to these latter interests she held as trustee for her children.

Taking the instrument as a whole, we are of the opinion that the manifest purpose of the grantor was to create a trust which embraced both the life-estate of the daughter and the remainder interests of her children or representatives of children. The trust did not become executed as to the remaindermen until the death of the life-tenant, as the property was granted to such child or children, or representatives thereof, as the daughter might leave in life at her death. *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863); *Sparks* v. *Anderson,* 150 *Ga.* 58 (102 S. E. 423). The trust in this land being thus created for the use of the daughter, and at her death for the use of such child or children or representatives of child or children as she might leave in life at her death, the judge of the superior court was authorized and empowered, upon the application of the daughter and of her husband as her trustee, the daughter holding the title as trustee for the remaindermen, to pass an order for the trustee to sell this land as trust property, and to provide for the investment of the proceeds of the sale in other lands upon the same terms as the land sold was held. When this land was then sold under such order, the title thereto of the children or representatives of children of the daughter was divested, and the purchaser got a good title thereto. It follows that the trial judge, to whom the case was submitted for decision without the intervention of a jury, erred in holding that the purchaser of this land under the order passed by the judge of the superior court authorizing the sale got no title, and that the plaintiffs were entitled to recover this land against one holding title under a purchaser at such sale.

*Judgment reversed. All the Justices concur.*