Reese for any of the funds in his hands realized from the adminis-
trator's sale of the land. Having joined with his sister in assert-
ing that the deed conveyed only a life-estate to their mother, with
remainder to her children, and having prevailed in that contention,
Reese is bound by that election, and can not afterwards, as against
the purchaser, claim the proceeds of the sale in virtue of his rela-
tion as an heir at law of his mother; and having induced or in-
fluenced Spence to purchase the land as stated, he is not in position
to invoke the doctrine of caveat emptor for the purpose of prevent-
ing Spence from recovering the proceeds from the administrator.
We think the views here expressed are supported in principle by
the rulings in *Lamar* v. *Pearre,* 90 *Ga.* 377 (5) (17 S. E. 92);
*Glore* v. *Scroggins,* 124 *Ga.* 922, 928 (53 S. E. 690); *Board of
Education* v. *Day,* 128 *Ga.* 156 (5), 166 (57 S. E. 359); *McClellan*
v. *McClellan,* 135 *Ga.* 95 (68 S. E. 1025). The fact that Reese is
now estopped to claim this land as against Spence does not alter
the case. Estoppel is negative, not creative. *Parks* v. *Simpson,*
124 *Ga.* 523, 524 (52 S. E. 616). "Its whole scope is to protect
one from loss which, but for the estoppel, he could not escape, and
should be limited to saving the party asserting the estoppel from
loss." *Peacock* v. *Horne,* 159 *Ga.* 707 (5) (126 S. E. 813).

The plaintiff in error does not assign error on the provision of
the final judgment excepted to which decreed one seventh interest
in the land involved to be in Spence; so the correctness of that
portion of the judgment is not for decision. The judgment com-
plained of was not erroneous for any reason urged.

*Judgment affirmed. All the Justices concur.*

MᴄBʀɪᴅᴇ *et al.* v. Bᴜʟʟᴀʀᴅ *et al.*

Bᴇʟʟ, Justice. 1. The trustee named in the deed on which the plaintiffs
rely was not trustee for the life-tenant only, but was trustee "for the
life-tenant and remaindermen, and the trust was executory at least
until the death of the life-tenant, when the possibility of her having
children would become extinct, and it could be ascertained to whom
the estate would ultimately go. *Ford* v. *Cook,* 73 *Ga.* 215; *Dean* v.
*Central Cotton Press Co.,* 64 *Ga.* 670; *In re Dougan,* 139 *Ga.* 351 (77
S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1914B, 868)." *Watts*
v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863). See also *Woodbery* v. *Atlas
Realty Co.,* 148 *Ga.* 712 (98 S. E. 472); *Duncan* v. *Verner,* 172 *Ga.*

553 (158 S. E. 322); *Reynolds* v. *Smith*, 186 *Ga.* 838, 841 (199 S. E. 137); Code, § 108-111.

2. The application for leave to sell, considered in connection with the deed attached as an exhibit to the application, appears to have been made on behalf of the applicant as trustee for the entire estate. Attached to the application as an exhibit was a copy of the deed from Mary F. Newton to Willis Newton, and the applicant alleged that "petitioner can use said money to the better advantage for the *trust estate* than the property." (Italics ours.)

3. The statement in the application for leave to sell, that the deed created an "executed" trust, was evidently a mere clerical error, the facts showing that the trust was executory.

4. The plaintiffs being mere *contingent* beneficiaries of the trust estate, it was unnecessary that they be made parties to the application of the trustee for leave to sell the property in question, or that they be represented otherwise than by the trustee. *Schley* v. *Brown*, 70 *Ga.* 64 (4). In this respect the present case is distinguished by its facts from *Hill* v. *Printup*, 48 *Ga.* 453.

5. Under the foregoing rulings, the court did not err in admitting in evidence in behalf of the defendants the deed from Willis Newton, trustee, to Mrs. H. S. Gould, over the objection that under the deed from Mary F. Newton to Willis Newton, trustee, the latter had no authority to convey the fee-simple title to the land, and that the judge of the superior court had no authority to grant permission to the trustee to dispose of the fee.

6. Under the pleadings and the evidence, a verdict for the defendants was demanded. The court did not err in directing the jury accordingly, or in overruling the plaintiffs' motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 12740. JUNE 17, 1939.

358

*Sydney H. Baynes,* for plaintiffs.
*Warren & Warren* and *W. H. Key,* for defendants.

## HOLCOMBE *et al. v.* GEORGIA MILK PRODUCERS CONFEDERATION *et al.*

No. 12757.   JUNE 17, 1939.