SANDERS *et al. v.* FIRST NATIONAL BANK OF ATLANTA, trustee, *et al.*

No. 12997. NOVEMBER 16, 1939.
ADHERED TO ON REHEARING DECEMBER 15, 1939.

*Marvin G. Russell* and *Reuben A. Garland,* for plaintiffs.

*Brandon, Hynds & Tindall* and *Mitchell & Mitchell,* for defendants.

REID, Chief Justice. This case relates to the provisions of a will made in 1921 by Lucien B. Sanders, who died in 1922. The plaintiffs are all the children of the testator; and they are now sui juris. The defendants are the First National Bank of Atlanta as trustee (by succession), and all the children of the plaintiffs; that is, all the grandchildren of the testator. The item of the will under which the case arises is as follows:

"I give, devise, and bequeath all the rest, residue, and remainder of my property of whatsoever character and wheresoever situated to the Fourth National Bank of Atlanta as trustee, in trust for the following uses and purposes: The net income from my estate shall be paid by said trustee to my said wife, Julia Dickinson Sanders, during her life or widowhood. If my wife should remarry, she is to have the income from one fifth of my property during her life. After the death of my wife, the entire net income from four fifths of my estate shall go to my children, Lucien B. Sanders Jr., Roger Q. Sanders, Dickinson H. Sanders, and Julia Sanders, share and share alike, until the final distribution of my estate as hereinafter set out. If any of said children should die leaving a child or children, such child or children shall take the income that would have gone to such child or children's parent if living, the descendants of my children to take per stirpes. Where any of my children have received a part or all of the estate going to them under the following provisions of this will, the income payable to such child shall be proportionately abated. After the death of my wife, my estate shall be disposed of by said trustee in the following manner: If and when each of my said children reaches the age of thirty years, he or she shall receive one eighth of my estate. If and when each of my said children reaches the age of thirty-five years, he or she shall receive an additional one eighth of my estate. If any of my said children should die before receiving his or her share of my estate, and without leaving a child or children, the share that such deceased child would have taken in my estate if he or she had lived to become thirty and thirty-five years of age, as above set out, shall go to the survivors, share and share alike, and be distributed in the manner provided above. If any of my said children should die before receiving his or her share of my estate, leaving a child or children, such child or children shall, upon reaching the age of twenty-one years, take the share of my estate that would have gone to such deceased parent if such deceased parent had lived to become thirty-five years of age. In the event my wife remarries, four. fifths of my estate shall be distributed in the manner and upon the conditions set out above, and the remaining one fifth shall be held by said trustee and the income paid to my wife during her life, and after death the corpus shall likewise be distributed in the manner and upon the conditions set out above, and the remaining

one fifth shall be held by said trustee and the income paid to my wife during her life, and after her death the corpus shall likewise be distributed in the manner and upon the conditions set out above."

The petition alleges, that testator's widow is still living and has never remarried; and that in 1938 she conveyed to the plaintiffs her entire life-estate in all the property bequeathed and devised in the item of the will quoted above, and that as the result of this conveyance a merger of estates resulted, that they acquired a fee-simple title with present right of possession, and that the trust has become executed. It is not alleged that any of the plaintiffs have arrived at the age of thirty years. The object of the action is to have the trust declared executed and to recover the property from the trustee. The judge dismissed the petition on general demurrer.

■ It will clarify subsequent discussion to determine first the nature of the estate taken by the plaintiffs under the will. It is a remainder, of course, as enjoyment is postponed in favor of the prior particular estate granted the widow. Code, § 85-701. The gift to the widow is a gift of the income for life, but that is the equivalent of an estate for life. § 113-805; *Thomas* v. *Owens,* 131 *Ga.* 248, 255 (62 S. E. 218). The estate in remainder is an estate in fee, since no lesser estate is mentioned and limited in respect of the grant to the remaindermen. Code, § 85-503. "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." § 85-708. If the estate in remainder be a defeasible fee, the law favors the construction which makes the fee absolute at the earliest time consistent with intent of the testator, as expressed in the will. *Bailey* v. *Ross,* 66 *Ga.* 354; *Crumley* v. *Scales,* 135 *Ga.* 300, 308 (69 S. E. 531); *Munford* v. *Peebles,* 152 *Ga.* 31 (108 S. E. 454); *Moore* v. *Cook,* 153 *Ga.* 840 (113 S. E. 526); *Johnson* v. *Johnson,* 158 *Ga.* 534 (124 S. E. 18); *Comer* v. *Citizens & Southern National Bank,* 182 *Ga.* 1 (185 S. E. 77). In the item which we have quoted are two clauses relating to survivorship: "If any of said children should die leaving a child or children," near the beginning of the item, and later, "If any of my said children should die before receiving his or her share of my estate," etc. The words of survivorship in the first of these clauses

relate to the death of the testator. Code, § 85-708; *Comer* v. *Citizens & Southern National Bank,* supra; *Bryant* v. *Green,* 187 *Ga.* 89 (199 S. E. 804). Usually the object of such clauses is to provide a substitutionary or alternative legatee to take in the place of the original legatee in the event the latter does not survive the testator, and thereby to provide against intestacy through the lapse of the legacy by reason of the death of the designated legatee. At common law, and under the law of this State before the act of 1836 (Code, § 113-812), if the legatee died before the death of the testator the legacy lapsed, whether the legatee left issue or not. Now, if there be issue, it takes as substituting legatee. See *Cooper* v. *Harkness,* 188 *Ga.* 121 (2 S. E. 2d, 918). So such clauses, while practically not necessary in many cases, are sometimes useful. The words "If any of my children should die before receiving his or her share of my estate" can not be related to the death of the testator, because a different intent is manifestly indicated. Under the context in which these words appear, they manifestly relate to the time when the legatee arrives at the age designated in the will when he shall receive a share of the estate. At first blush, it might seem that if he died before the widow did, even though he had arrived at the designated age, his title to the share of the estate which would go to him on his arrival at that age would be divested in favor of his children or the survivors, if he left no children, but such a construction would not be consistent with the rule that the estate vests indefeasibly at the earliest possible moment consistently with the manifestly expressed intent of the testator. See *Bailey* v. *Ross,* and the other cases cited above.

Therefore we hold that the remainders granted to the plaintiffs are vested remainders in fee; but that the fees so taken are defeasible entirely if the legatee dies before arriving at the age of thirty years, and as to one half of his share if he dies before arriving at the age of thirty-five years; and that if this contingency occurs, his children if any, or his surviving colegatees if he dies childless, will take the estate so defeated as executory devisees, and not as contingent remaindermen. "An executory devise is such a limitation of a future estate in lands or chattels as the law admits in case of a will, though contrary to the rules of limitation in conveyances at common law." Code, § 113-816. In this State the common-law rule that a fee can not be limited on a fee has been

abolished. § 85-502. Hence there is no obstacle to a holding that though the remaindermen in this case took estates in fee, vested as of the date of the death of the testator, yet, since the fees were defeasible fees, the executory devise would take effect if the contingency provided for in the will should eventuate. The essentials of a defeasible fee are that the grantee must first take an estate in fee; that is to say, an estate which may run indefinitely with the general attributes of a fee simple, but subject to being defeated by some contingency which may arise after the grantee's estate has become vested. A typical case, with the citation of a large number of illustrative cases, is *Reynolds* v. *Dolvin*, 154 *Ga.* 496 (114 S. E. 879), which has been cited frequently since its rendition.

■  It is not necessary for us to pass specifically on the question, argued in the briefs, as to whether the conveyance to the plaintiffs of their mother's life-estate created a merger of estates; for, though we should assume that it did, the contingent rights of the executory devisees would not thereby be extinguished. The estates of the plaintiffs would still be defeasible fees. The testator manifestly contemplated that the respective shares should not be delivered to his children before they arrived at the specified ages, and that their title to their respective shares should be defeasible in the meantime. As each child arrives at the age of thirty, his title to one half of his share will become absolute; as he arrives at the age of thirty-five his title to his entire share will likewise become absolute. If it appeared that one of the children had arrived at the designated age, it might be that as to him there was a merger of estates to the extent that he would be entitled to receive his share; but no such allegation is made in the petition, and that question is not for decision.

■  However, it does not dispose of the case to say what we have said. The contention is still before us that the trust is executed, that the life-tenant no longer has an interest, that the remaindermen are sui juris and entitled to possession even though the fee of the remaindermen is defeasible. If the trust has become executed, the intention of the testator that the property should remain in the hands of the trustee till a later date can not be given effect. "In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect

title vests in the beneficiary according to the terms and limitations of the trust." Code, § 108-112. The phrase "perfect title," as thus used in the Code is to be construed in connection with the definition of a "perfect title," given in § 85-103; i. e., the union of right of property and right of possession. Therefore it is necessary to determine whether the trust is an executed trust. The distinction between executed and executory trusts is set forth in the Code, § 108-111, as follows: "Trusts are either executed or executory. In the former, everything has been done by the trustee required to secure the property or to render certain the interest of the beneficiaries, and all that remains for him to do is to preserve the property and execute the beneficial purposes. In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trusts, or to distribute according to a specified mode, or some other act, the doing of which requires him to retain the legal estate." This is to be taken in connection with § 108-114, which allows a trust to be created or to endure for the benefit of persons under disabilities; but that is not material here, since all the plaintiffs are sui juris.

Concretely stated, the question for decision at this point is: The life-tenant being of full age and having conveyed her interest in the trust property to the remaindermen who are of full age and under no disabilities, does the fact that the title of the remaindermen is subject to defeasance within the period during which the testator contemplated the property should be held by the trustee, prevent the trust from becoming an executed trust? The plaintiffs have a title in fee, though it is a defeasible fee, and are entitled to the possession of the property unless the trustees are entitled to retain it for some purpose or reason upon which a trust remains executory. In deciding this question we have not lost sight of the proposition that the holder of a base fee, that is, a fee subject to being divested by a contingency which may or may not subsequently occur, has for most purposes all the rights of the holder of a fee simple, unless and until the contingency or event in which it is defeasible occurs. See *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135, 138 (60 S. E. 836). It is well established by the decisions in this State that if the estates of the remaindermen are contingent, the trust is not executed until the time arrives when the contingency has eventuated into certainty. *Burton* v. *Patton,* 162 *Ga.* 610 (134

S. E. 603) ; *Woodbery* v. *Atlas Realty Co.,* 148 *Ga.* 712 (98 S. E. 472) ; *Wadley* v. *LeCato,* 139 *Ga.* 177 (77 S. E. 47) ; *McBride* v. *Bullard,* 188 *Ga.* 354 (4 S. E. 2d, 149). Throughout the cases, care has not always been taken to mark the difference between contingent remainders and defeasible fees and executory devises in dealing with the question here presented. The difference is plain in principle, but often difficult of specific application. If the remainder vests as of the date of the testator's death, it is an estate in fee, notwithstanding it is subject to defeasance by subsequent contingencies; and the presumption is in favor of prompt vesting. Code, § 85-708. However, in the precedents, the courts of this State have applied the principle that a trust is still executory until the period contemplated for its termination expires, provided it remains uncertain whether at the end of the trust period the original legatee is to take or some one else is to take. The trust is kept open to enable the trustee to "ascertain the objects of the trust."

In *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863), the devise and the trust were similar in legal effect to the present devise and trust. It was held that the trust remained executory until the contingency on which the various estates were to be finally determined expired. Several earlier cases, militating more or less to the contrary were reviewed and overruled.

After all, there are as many sound reasons in allowing a testator to keep the property in the custody of the trustee for the protection of an executory devise as there are for allowing him to keep it there to protect a contingent remainder. The testator in this case had grandchildren, as well as children, in mind as the objects of his testamentary disposition. He wished to guard against having the property turned over to the children until they were old enough and of mature enough judgment to use it prudently for themselves and for their children, if any were born to them. Especially, if one of them had children and died early after maturity, he wished the interests of these grandchildren protected. We think the law allowed him to do it, to the extent he had done it. This view accords with the principle that there is a public interest involved in construction which adds to the free vendibility of property. It is true that the holder of a defeasible fee may convey it; but since the purchaser takes it subject to the defeasance, the practical result is that property so held is not readily vendible, and only

at a diminished speculative value. The trustee may sell and pass a title free from the defeasance; the proceeds or the reinvestment of them being affected by the defeasance, but not the property sold. See *Duncan* v. *Verner,* 172 *Ga.* 553 (158 S. E. 322) ; *McBride* v. *Bullard,* supra. Therefore we hold that the trust is not executed until the plaintiffs arrive at the specified ages. As to each of them, as he or she arrives at the age of thirty, he or she will be entitled to receive from the trustee half of his share, and as he or she arrives at the age of thirty-five he or she will be entitled to receive the other half; but if he or she dies before arriving at these ages, the undelivered share, or half share, goes to the executory devisee according to the plan of the will.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Bell, J., disqualified.*

### On Rehearing.

The motion for rehearing seeks principally to have the court re-view its decision wherein it holds that the indefeasible vesting of the estates of the remaindermen depended upon their surviving to the ages specified in the will, and not also upon their surviving the life-tenant. The plaintiff has filed a motion, setting up that all of the plaintiffs but one are above the age of thirty-five, and she is more than thirty, and asking that the court give direction so as to allow plaintiffs to set up these facts by amendment in the trial court, on the return of the remittitur. This motion is verified by affidavit.

We think that our former holding is correct. It is most consistent with the legally ascertained intent of the testator to say that the estates of the remaindermen depended for final vesting upon their respectively surviving the ages specified in the will, and not upon their respectively surviving their mother, the life-tenant. It would be contrary to the Code and to the numerous precedents for the court to take the latest rather than the earliest possible date consistently with the words of the will, for the indefeasible vesting of the estates in remainder. This will makes it plainer than did many wills which have been similarly construed, that the testator did not intend to make the final vesting of the remaindermen's estate depend upon their respectively surviving the life-tenant. The testator's apparent major purpose in this respect was to keep the trust executory, and not to let his children have their shares

indefeasibly vest in them till they arrived at what he conceived to be the ages at which they could prudently own and manage it. The clauses relating to the death of his widow were inserted as necessary to demark the life-estate in her. The fact that if the widow remarried most of the income went to the children when they arrived at the specified ages indicates that he did not intend for the vesting of the remainder interest to depend on the widow's death. Under this will, the holder of the life-estate being sui juris, the trust would become executed when the remaindermen became sui juris and their estates indefeasibly vested, even though the widow were still in life, and even though she had not conveyed her life-estate to the remaindermen. Accordingly, the decision is adhered to. It seems consistent with the law and justice of the case that the plaintiffs should be allowed so to amend their petition as to show that all of them but one have arrived at the age of thirty-five years, and that she is more than thirty, and thus avoid the effects that might flow from the sustaining of the general demurrer. It would not be right for the plaintiffs to lose their estates by reason of the failure to allege their ages. Therefore the judgment of affirmance heretofore rendered is amended by adding the direction that the plaintiffs may file in the trial court, before the judgment of this court is made the judgment of the superior court or within ten days thereafter, an amendment to their petition in the above respect, and that the court may then pass upon the petition as amended without the previous judgment sustaining the demurrer being given effect. The costs of the appeal are taxed against the plaintiffs in error.

*Judgment adhered to, with direction. All the Justices concur, except Atkinson, P. J., and Bell, J., disqualified.*