## CURRY v. CRUMP et al.
### No. 13481.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1951.

J. Lundie Smith, Jr., Valdosta, Ga., for appellant.

Frank C. Jones, C. Baxter Jones, Macon, Ga., for appellees.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

The sole question for determination in this case is whether a trust declared in his last will and testament by Augustus O. Bacon, former United States Senator from the State of Georgia, has terminated. The appellant, a grandson of Senator Bacon, instituted in the trial Court a proceeding in which the will was exhibited and prayed that the Court declare that the trust was executed and terminated, so far as his property rights were concerned, and that the defendant-trustees be required to turn over and deliver his share of the referred to property.  By way of answer and defense the trustees averred that they were retaining the trust estate and deemed it their duty to do so in the belief that the trust was not terminated

but remains executory since there are contingent beneficiaries and remainders which can not now be determined, and that the plaintiff's interest in the trust estate is an interest for and during his natural life only, with remainder to others after his death. As additional defense it was averred that by specified conduct and acquiescence on plaintiff's part "a practical construction" (over the years since plaintiff became 21 years of age in 1926) had been placed upon the will which was binding upon the plaintiff. Upon the coming in of the answer, plaintiff moved for a judgment on the pleadings, and defendant moved for a summary judgment. The latter motion was sustained by the Court and the complaint dismissed.

So far as here relevant the general testamentary scheme of the testator was to provide a trust estate for the benefit of his widow and his children, two daughters, Mrs. Sparks and Mrs. Curry, during their respective lives, with additional provision that upon the death of his widow the trust estate should be divided into two equal parts, the income from one to go to Mrs. Sparks during her lifetime and the income from the other to go to Mrs. Curry during her lifetime. Upon the death of Mrs. Sparks the trust estate from which she had been receiving the income was to remain in trust for the benefit of her children until the death of their father "whereupon the trust estate should then vest in her children" in fee simple and thereupon said trust to that extent should cease and terminate. The above is recited merely by way of background and to disclose the foundation for appellant's argument that the testator and creator of the trust should not be held, in the circumstances here, to have intended any difference of disposition of his property between the children of his two daughters, each equally his grandchild. The will was executed in 1911 and the codicil in 1913. The testator died in 1914. The controlling provisions of the will which we are now required to construe and apply are concededly Item 6th(d) of the will and Item 3rd of the codicil. These are set forth in the margin.[1]

1. Item 6th(d) of the will: "Upon the death of my daughter, Augusta Lamar Bacon Curry, I direct that the portion of the property embraced in this Item, and held in trust for her during the term of her natural life as aforesaid, shall thereafter be held by said trustees and their successors, for the sole use, benefit and enjoyment of the children now in life of my said daughter, Augusta Lamar, to wit, Shirley Holcombe Curry, Marie Louise Curry and Manly Lamar Bacon Curry, until her youngest child, the said Manly Lamar Bacon Curry, shall reach the age of twenty-one years, when the proportionate part of said property, shall vest in each of said children, and the trust, to the extent thereof in said property shall thereupon cease and determine. But if either of the said named children of my said daughter, Augusta Lamar, shall, without leaving husband or wife or child, die before the said Manly Lamar Bacon Curry shall reach, or would, if in life, reach the age of twenty-one years, the portion of the said child so dying shall thereafter be held in trust for the use, benefit and enjoyment of the survivors of the said named children; and if either of the said named children of my said daughter, Augusta Lamar, shall, before the said Man-

ly Lamar reaches, or would, if in life, reach the age of twenty-one years, die leaving a child or children in life, the portion of the child so dying shall be held in trust for his or her surviving child or children until they severally arrive at the age of twenty-one years."

Item 3rd of the codicil: "My beloved daughter, Augusta Lamar Bacon Curry, having died, it is my Will and I hereby direct that her children, Shirley Holcombe Curry, Marie Louise Lamar Curry and Manly Lamar Bacon Curry, shall in the disposition of my property, stand in the place of their Mother, and that the interest in my estate which she would have taken under my said Will shall, upon my death, enure to them and be held in trust for them and each of them in the same manner and to the same extent and subject to the same trusts, limitations, conditions and remainders as they would have taken under the provisions of my said Will had my daughter, Augusta, survived me, and had they upon her subsequent death taken the same remainder interests prescribed for them in my said Will. And my said trustees shall hold said interests for them with the same trusts, limitations and conditions as are prescribed for them in my said Will; but

The contention of the appellant, in brief, is that the provisions of the codicil clearly effect no change in the express requirement of Item 6th(d) of the will that the trust shall "cease and determine" when Manly Lamar Curry, the appellant, "shall reach the age of twenty one years." The appellee trustees contend to the contrary. The single question, therefore, is whether, under proper construction of the provisions of the will and codicil, the trust has terminated. It is not contended that if the provisions of Item 6th are controlling the trust has not become executed nor, on the other hand, that if such provisions do not control that the trust is other than executory.

■ Our consideration of the provisions of the will and codicil leads to the conclusion that the trust provided for that portion of the trust estate of which Manly Lamar Curry is the beneficiary has not terminated and that the trial Court correctly so held. We also note that we are not called upon to determine the precise quality of estate devised to the appellant, nor to adjudge the time of termination of the trust. The case is well argued on behalf of both parties and both present substantial reasons in support of their respective contentions. It must be conceded, as urged in behalf of appellant, that there is an express time of termination provided by Item 6th (d) of the will and no *express* provision to the contrary in the codicil. However, this argument overlooks the controlling effect which should be given, in determining the intention of the testator and settlor, to the language providing for a vesting of title prior to the termination of the trust. Thus Item 6th(d) provides that upon appellant reaching the age of twenty one years the proportionate part of the property "shall vest in each of the said children, and [then] the trust, to the extent thereof in said property, shall there-

upon cease and determine." Futher provision was made that if either of the grandchildren prior to the determinative date when appellant should reach the age of twenty-one years (and thus not be alive to receive the title which would then vest in him) should have died leaving a child or children in life the portion of such deceased child should be held in trust for his or her child "until they severally arrive at the age of twenty-one years." In each of the contingencies provided for by this Item it is clear that it was the intention of the testator that his provision made for the vesting of title of the respective portions bequeathed to his grandchildren should measure and control the termination of the trust as to such proportionate part of the property involved. We find the same intention expressed in the second sentence of Item 3rd of the codicil. It is true that the first sentence, reciting the death of his daughter, Mrs. Curry, appears unnecessary, but in any event it clearly continues the trust estate "to the same extent and subject to the same trusts, limitations, conditions and remainders as they would have taken under the provisions of my Will had my daughter, Augusta, survived me and had they, upon her subsequent death taken the same remainder interests prescribed for them in my said Will." Had no further provisions been made in the codicil this provision might well have been held to reiterate the equal division among the children with vesting of title and termination of the trust as provided in the original will. However, it is clear from the following sentence that such an intention should not, and indeed could not if repugnancy is to be avoided, be ascertained and declared, for by the second sentence of Item 3rd of the codicil the testator expressly declared that the trustees should hold said interests, of his grandchildren, subject to the "following

subject nevertheless to the following additional provisions, limitations and remainders to-wit: The interest as aforesaid of each of said children shall enure to and be enjoyed by each for and during the period of his or her natural life respectively; and if either of said children of my daughter Augusta shall die leav-

ing no child or children in life, the interest of said child so dying shall inure to and be enjoyed by the surviving child or children of my daughter, Augusta, in the estates and with the same remainders as are herein prescribed for the original interest so received by each of them respectively * * *."

282

*additional* provisions, limitations and remainders to-wit:." (Italics supplied). Then follows the provision which changes the entire scheme of vesting of title upon which termination of the trust had theretofore been predicated. Instead of plaintiff being entitled, as theretofore provided, to receive his proportionate part of the trust estate absolutely upon reaching the age of twenty-one years, the testator clearly provided and limited the interest which "enured to and was to be enjoyed by him" to one for and during his natural life, and made additional provisions which contemplated the vesting of title after the death of the life tenants, as we may denominate them. It is true, as urged in behalf of appellant, that life estates may be, and indeed frequently are, conveyed to be enjoyed without the intervention of a trustee. However, our conclusions as to the proper construction of the provisions of the will and the codicil force us to reject any controlling effect of this argument in this .case. The testator having, by the codicil of his will, changed the nature and quality of the right and estate upon which the provisions for termination of the trust were clearly predicated, so that the condition and event which was to cause the trust to cease and determine, (the vesting of title), could not thus come into existence, there was no necessity for otherwise changing or further declaring an express extension of the trust period, even though such a declaration might have entirely avoided questions such as are presently before us.

 In this view of the matter, under the terms of the will and trust, "something remains to be done by the trustees" to ascertain the objects of the trust and the trust is therefore executory.[2] It is unnecessary in this proceeding to determine the precise nature of the remainder estates. It is clear, however, that under the terms of the will there are contingent interests to be protected, which can not be ascertained during the lifetime of the appellant. It is well established in Georgia law that in such cases the trust is executory at least until the death of the beneficiary for life.

Woodbery v. Atlas Realty Co., 148 Ga. 712, 98 S.E. 472; Sanders v. First National Bank of Atlanta, 189 Ga. 450, 455, 6 S.E.2d 294 and citations.

Holding, as we do, that the language of the will and codicil discloses an intention of the testator that the trust not be terminated at this time we are not legally concerned with the reasons which prompted the testator to make a different provision between the rights and estates to be enjoyed as between the Sparks children and the Curry children since this fact throws no light upon the question with which we are concerned. It certainly can not be questioned that the will does provide a difference in the rights and estates to be enjoyed,—one set of grandchildren ultimately receiving a fee simple estate, and the other receiving a beneficial interest to be enjoyed only for the period of "his or her natural life respectively."

The adjudication of the trial Court that "said trust is not executed as to plaintiff, but is executory and remains so at least until his death, and that plaintiff is not entitled to possession and control of a share of said trust estate," is supported by the views which we have expressed.

Judgment affirmed.