## DANIEL *et al.* v. DANIEL.

1. A devise of a tract of land to a testator's four sons in remainder, after the expiration of a life-estate in his widow, and a direct devise to the sons of another tract of land, these devises being followed by the words, "should either of my said sons die without issue, then their portion of all the lands given them shall go to the survivors of said four sons or their heirs, share and share alike," vested in each one of the four sons a defeasible estate in fee, subject to be divested upon his death without issue.
2. Where in such case three of the sons purchased from the remaining son his fourth interest in the lands so devised, the widow of one of these purchasers, who died leaving no children, inherited his undivided one third of the one fourth so purchased, and thus acquired, subject to the contingency above mentioned, an undivided one-twelfth interest in all of the lands, and no more.
3. An action of ejectment does not lie at the instance of one tenant in common of realty against another, merely because the latter is occupying more than what would be his share of the premises upon a division thereof.

Argued June 28, — Decided August 5, 1897.

Complaint for land.   Before Judge Harris.   Heard superior court.   October term, 1896.

*W. H. Daniel, Oscar Reese* and *H. A. Hall,* for plaintiffs.
*Adamson & Jackson* and *F. S. Loftin,* for defendant.

COBB, J.   Isham Daniel and James Daniel brought suit. against Antonette Daniel, alleging in their petition that they were sons of John Daniel, who died testate about 1870, and that certain land was devised to them and their two brothers, Edwin and John, in the following items of their father's will :

Item 3.   "I will, bequeath, and devise to my beloved wife Dovey, for her sole separate use and for her occupation and maintenance during her natural life, my mill on New river and forty acres of land whereon it is situated, the toll-rent and all income from said mill to belong to and be the property of my said wife Dovey.   I also in like manner give to my said wife the settlement of land whereon I now live, with the mill thereon situated, and all rents, tolls, incomes, and profits of said lands and mills are likewise hereby given and belong to my said wife.   That portion or part of last named lands that my four sons, Isham, Edwin, John, and James Daniel, shall cultivate shall be to them free from rent.   My said wife is to have control of forty acres of cleared land on the west side of the Chattahoochee river and all of the cleared land on the east side of the river, all of which is hers to use, rent, and control during her natural life, together with the income from my mill situated on said premises as aforesaid.   At the death of my said wife, I will, devise and bequeath all of said lands and mills above mentioned to my said four sons, Isham, Edwin, John, and James, share and share alike."

Item 5.   "I direct that my four sons named in the third item of this will have also a pine lot of land I own near the John Crosby place, which makes the mill lands on the Chattahoochee river contain eleven hundred acres of land.   Should either of my said sons die without issue, then their portion of all the lands given them shall go to the survivors of said four sons, or their heirs, share and share alike."

It was also further alleged, that the interest of John Daniel

in said lands had been purchased by the other three brothers, and that Edwin died intestate on January 1, 1895, leaving a widow surviving him, but no children; that the defendant, his widow, was in possession of a one-third interest in the lands described in the items of the will quoted, and that she had received the profits of such one-third interest from the date of her husband's death; that the plaintiffs claim title to said land; that the defendant refuses to deliver possession to them of the one-third interest, and refuses to pay them the profits thereof. A demurrer to the petition was sustained, and the case dismissed. The plaintiffs excepted.

1. Construing together items 3 and 5 of the will under consideration, each of the four sons named took an estate in fee in the land therein described, but such estate was not absolute and indefeasible, being subject to be defeated by the death of the tenant without issue. *Harris* v. *Smith*, 16 *Ga.* 545; *Gibson* v. *Hardaway*, 68 *Ga.* 370; *Hudgens* v. *Wilkins*, 77 *Ga.* 555; *Matthews* v. *Hudson*, 81 *Ga.* 120.

2. Upon the purchase by the three brothers of the interest of John Daniel, the purchasers became possessed of his interest in the land, which was an undivided fourth interest in fee, subject to be defeated by his death without issue. Edwin Daniel having died in the lifetime of his brother John, the interest in the estate purchased from his brother passed to his widow, who took it upon the same conditions that he held it, and as he held by virtue of this purchase an undivided one-twelfth interest in the land, subject to be defeated by the death of John without issue, his widow as his heir obtained such one-twelfth interest in the land, but no more. Edwin having died without issue, the interest he took under the will determined, and the land passed, not to his widow as his heir at law, but to the brothers, who took as survivors under the terms of the will.

3. It follows, therefore, that the defendant, who is the widow of Edwin Daniel, is the owner of a one-twelfth interest in all the lands embraced in the two items of the will above quoted, but her estate is subject to be defeated by the happening of the contingency provided for in the will, that is, the death of

John Daniel without issue. She is therefore lawfully in possession as a tenant in common with the plaintiffs. This being true, she is not subject to be sued in ejectment, or in any other action brought to recover possession at the instance of her cotenants, simply because she has received more than her share of the income or profits of the land. It appears from the petition that she is in possession as a tenant in common with the plaintiffs, and that she does not deny such tenancy, the controversy between the tenants, all of whom are in possession, being simply as to the division of the property and its income and profits. There has been no actual ouster of the plaintiffs, no exclusive possession by the defendant after demand, and no express notice by her of a claim of adverse possession. Therefore no suit can be brought by them to recover possession from her. The remedy given to them, if she is in possession of more than her share of the premises, or if she has received more than her share of the income and profits, is an application for an accounting, or for partition. Civil Code, §§ 3144–5–6–7; *Logan* v. *Goodall*, 42 *Ga.* 96, 118.

*Judgment affirmed. All the Justices concurring.*