SMITH, guardian, *et al. v.* SLADE *et al.*

HILL, J. 1. A testator bequeathed and devised as follows: "Second, I give and bequeath all the rest, residue, and remainder of my entire estate, both real and personal, to my beloved wife, Emily Harty Slade, to have and to hold to her, my said wife, and to her heirs and assigns forever. . . Fourth. After said indebtedness has been fully paid, I bequeath remainder of said land to remain undivided and under my wife's control until her death. Should she decide to marry again, I then desire said estate to be divided equally between all the heirs of my body and Emily Harty Slade; she receiving a child's part in lieu of dower. I hereby revoke all former wills made by me." *Held*, that the second item of the will conveyed a fee-simple estate to the wife of the testator.

2. The general rule is that courts will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intention to limit the devise is clearly and unmistakably manifest. *Thomas* v. *Owens*, 131 *Ga.* 255 (62 S. E. 218). See *Crumley* v. *Scales*, 135 *Ga.* 300, 308 (69 S. E. 531); *Kimbrough* v. *Smith*, 128 *Ga.* 692 (58 S. E. 23).

3. Subsequent parts of the will do not clearly and unmistakably manifest an intent to limit or cut down to a life-estate the absolute fee-simple estate conveyed in the second item of the will. It follows, therefore, that the father of the plaintiffs in error had no interest in the estate to convey, and the purchaser from him acquired no title thereto, for the reason that the entire estate belonged to the mother, she never having remarried after the death of the testator. The plaintiffs in error, as heirs at law of their deceased father, would take one share per stirpes in the estate of their deceased grandmother. The

case of *Porter* v. *Thomas*, 23 *Ga.* 467, 471, relied upon by the defendant in error, is distinguishable from the case at bar. In the *Porter* case the language of the will never created a fee-simple estate at all. Here a fee-simple estate is clearly created by the second item of the will, and the question is whether it is cut down to a life-estate by subsequent language in the will.

*Judgment reversed. All the Justices concur.*

No. 2060. FEBRUARY 19, 1921.

Construction of will. Before Judge Gower. Crisp superior court. March 27, 1920.

This case was tried upon the pleadings and the following agreed statement of facts, by the trial judge acting as court and jury: " J. Z. Slade, the father of J. O. Slade, T. A. Slade, Mrs. J. L. Raines, Mrs. J. T. Ingram, Mrs. Zachie Cox, and Mrs. J. W. Askew, and the grandfather of the minor children, Lucile Slade, Effie Slade, Thomas Slade, Fred Slade, and Lois Slade, died intestate, a resident of Dooly County, Georgia, on September 2, 1898. Mrs. Emily Harty Slade, the wife of J. Z. Slade, was likewise the mother and grandmother of the aforenamed parties. The will of the said J. Z. Slade was duly probated in the ordinary's court of Dooly County, Georgia (the territory in which J. Z. Slade lived, now being Crisp County) ; and said will is as follows, to wit:

' Georgia, Dooly County. Last will and testament of J. Z. Slade. I, J. Z. Slade, of the County of Dooly and State of Georgia, being of sound mind and memory, do make and publish and declare this to be my last will and testament.

' First. All my just debts and funeral expenses shall be first fully paid.

' Second. I give and bequeath all the rest, residue, and remainder of my entire estate, both real and personal, to my beloved wife, Emily Harty Slade, to have and to hold to her, my said wife, and to her heirs and assigns forever.

' Third. I nominate and appoint my said wife, Emily Harty Slade, to be the executrix of my last will and testament, without bond, for her to sell such perishable property and stock she sees fit to settle all my indebtedness; should such sale be insufficient to settle said debts, she may further sell such lands as she may deem necessary to finish paying the remainder of said indebtedness.

' Fourth. After said indebtedness has been fully paid, I bequeath remainder of said lands to remain undivided and under my wife's control until her death. Should she decide to marry again, I then

12

desire said estate to be divided equally between all the heirs of my body and Emily Harty Slade; she receiving a child's part in lieu of dower. I hereby revoke all former wills made by me. . .'

' Mrs. Emily Harty Slade . . duly qualified as executrix of said will upon the probate thereof, and acted as such executrix until the date of her death, on December 17, 1918, she having died intestate. She never remarried, and did not sell any of the real estate of which J. Z. Slade died seized and possessed, amounting to approximately 700 acres of land located in the territory now embraced in Crisp County, Georgia, and certain city lots in the City of Cordele, in said county and State, the particular description of which is not deemed essential to this litigation. During the period of her administration as executrix Mrs. Emily Harty Slade sold certain sawmill timber off of the real estate above referred to, receiving therefor the sum of $5000.00 in cash, which she later invested in liberty bonds of the United States Government, and was in possession of the same at the time of her death; and both sides agree that the same stands in lieu of the timber so sold, there being at the time of the sale of said timber no outstanding debts of any kind against J. Z. Slade, deceased, and no necessity, under the terms of the law, compelling the sale of said timber for any purpose. After the death of Mrs. Emily Harty Slade, J. O. Slade, petitioner in the court below, was appointed as administrator of J. Z. Slade, with the will annexed, in the ordinary's court of Crisp County, Georgia. J. O. Slade was also appointed by said court as the administrator of the estate of Mrs. Emily Harty Slade, qualified in each of said representative capacities, and is now acting as such in each case. Mrs. Emily Harty Slade, at the time of her death, owed no debts of any kind. The real estate heretofore referred to is so located as that it would be impracticable to divide said lands into as many as thirty-five divisions, which would be necessary in the event it should be held that the minor children of T. J. Slade, deceased, have an interest therein; and in this latter event it would be necessary that the lands be sold under the direction of the court for division. T. J. Slade, the father of the minor children, Lucile, Effie, Thomas, Fred, and Lois, was a son of J. Z. Slade and of Mrs. Emily Harty Slade, and died in 1914, after the death of his father, and before the death of his mother. Prior to his death and subsequent to the death of his father, T. J. Slade conveyed by deed all of his interest in the estate of his father, J. Z. Slade, to his

brother J. O. Slade one of the parties in this cause, this being one of the reasons why J. O. Slade is asking that the will of J. Z. Slade be so construed as that by it only a life-estate in the property of J. Z. Slade, deceased, passed into his wife, Mrs. Emily Harty Slade. At the time of the will in question by J. Z. Slade, the ages of the children of himself and Mrs. Emily Harty Slade were as follows: Mrs. J. L. Raines, 27 years; J. O. Slade, 25 years; T. J. Slade, 20 years; T. A. Slade, 17 years; Mrs. E. A. Johnson, 13 years; Mrs. J. W. Askew, 9 years; Mrs. Zachie Cox, two months. Mrs. E. A. Johnson is in no wise involved in this proceeding."

The court rendered a decree holding that the will of J. Z. Slade conveyed only a life-estate to Mrs. Emily Harty Slade in the property in question, and that upon her death all of the property, including the lands referred to, reverted and became a part of the estate of J. Z. Slade, deceased; and that on account of the conveyance by T. J. Slade, one of the heirs, during his lifetime, of his interest in the estate of J. Z. Slade, the minor children of T. J. Slade, who are plaintiffs in error in this case, had no interest whatever in the property. To this judgment exception was taken.

*Whipple & McKenzie,* for plaintiffs in error.
*Pearson Ellis* and *Bussey & McNicholas,* contra.