## REYNOLDS *et al. v.* DOLVIN.

1. A testator by the 5th item of his will devised certain real estate to his children, naming them, which was to be equally divided between them, and provided: "If either of the above-named children die, leaving no child or children, their portion of said land to be divided between the other children or grandchildren then in life; said land not to be disposed of by them in any way except renting or leasing, and not subject to be sold for any debts they may contract." This language created in the children named an estate in fee, subject to be divested if such child or children should die leaving no child or children. And this is so notwithstanding the language: "said land not to be disposed of," etc.
2. Applying the principle ruled in the foregoing headnote, the court did not err in sustaining the demurrer and in dismissing the case.

No. 3118. NOVEMBER 18, 1922.

Complaint for land. Before Judge Park. Greene superior court. February 22, 1922.

*Allen & Pottle,* for plaintiffs.

*J. G. Faust* and *Miles W. Lewis,* for defendant.

HILL, J. E. N. Reynolds et al. brought suit against J. B. Dolvin, to recover a certain described tract of land to which plaintiffs claim title under the will of their grandfather, William

A. Reynolds. The petition alleges that the testator died on December 3, 1888, having executed his will on July 29, 1884, which was probated in 1888. Plaintiffs are the sole surviving children of William E. Reynolds, one of the legatees under the will. In the year 1892 William E. Reynolds sold and conveyed the land in controversy to J. B. Dolvin, who has remained continuously in possession of the property since the date of sale. In 1915 William E. Reynolds died.

Dolvin demurred to the petition, on the grounds, that it set forth no cause of action; and that the plaintiffs' father did not acquire a life-estate in the land, but took a base or qualified fee, subject to be divested should he die without issue; that the petition showed that he died leaving issue, and therefore it appeared from the petition that the base or qualified fee so taken by him was never divested by the happening of the contingency named in the will, but ripened into an absolute fee-simple title upon his death with issue, which title the defendant acquired by warranty deed from William E. Reynolds. The court sustained the demurrer and dismissed the petition. The plaintiffs excepted.

The plaintiffs claim title to the land in controversy under the 5th item of the will of their grandfather, which is as follows: " The remainder of my real estate to be equally divided between my children, viz.: J. R. Reynolds, W. E. Reynolds, J. A. Reynolds, Mary W. Corry, and Alice Wright; the land to be divided into five lots, each lot to be valued by three or five men chosen by the executors, and drawn for by the legatees. If either of the above-named children die, leaving no child or children, their portion of said land to be divided between the other children or grandchildren then in life; said land not to be disposed of by them in any way except renting or leasing, and not subject to be sold for any debts they may contract. All personal property (not given to my wife) to be sold, and the proceeds of the perishable property with the notes and money (if there be any) to be equally divided between my children as soon after my decease as my executors may deem best and proper." The plaintiffs contend that, under the above clause of the will of their grandfather, their father, William E. Reynolds, took only a life-estate in the land devised, with remainder over to the plaintiffs, who are the children surviving W. E. Reynolds at the time of his death. It was conceded by

counsel for plaintiffs, on the argument here, that practically an unbroken current of authorities in Georgia is to the effect that "a devise to A, with the proviso that should A die without children there shall be a limitation over to a third party, creates a base or qualified fee, subject to be divested on the death of the first taker without children." Rulings to that effect have been made in a long line of decisions in this State. *Harris* v. *Smith,* 16 *Ga.* 545; *Burton* v. *Black,* 30 *Ga.* 638; *Gibson* v. *Hardaway,* 68 *Ga.* 370; *Hudgens* v. *Wilkins,* 77 *Ga.* 555; *Matthews* v. *Hudson,* 81 *Ga.* 120 (7 S. E. 286, 12 Am. St. R. 305); *Daniel* v. *Daniel,* 102 *Ga.* 181 (28 S. E. 167); *Chewning* v. *Shumate,* 106 *Ga.* 751 (32 S. E. 544); *Hertz* v. *Abrahams,* 110 *Ga.* 707 (36 S. E. 409, 50 L. R. A. 361); *Sumpter* v. *Carter,* 115 *Ga.* 893 (2) (42 S. E. 324, 60 L. R. A. 274); *Hill* v. *Terrell,* 123 *Ga.* 49 (51 S. E. 81); *Tyler* v. *Theilig,* 124 *Ga.* 204 (52 S. E. 606); *Kinard* v. *Hale,* 128 *Ga.* 485 (57 S. E. 761); *Phinizy* v. *Wallace,* 136 *Ga.* 520 (71 S. E. 896; *Brown* v. *Lane,* 147 *Ga.* 1 (92 S. E. 517); *Nottingham* v. *McKelvey,* 149 *Ga.* 463 (100 S. E. 371); *Slappey* v. *Vining,* 150 *Ga.* 792 (105 S. E. 353); *Curles* v. *Wade,* 151 *Ga.* 142 (106 S. E. 1); *Davidson* v. *Blackwell,* 152 *Ga.* 48 (108 S. E. 469); *Daniel* v. *Daniel,* 152 *Ga.* 610 (110 S. E. 721). But it is insisted by counsel for the plaintiffs that in the aforementioned cases there was no language similar to the language in the proviso contained in the will now under consideration; that in all those cases there was a devise or conveyance to the first taker merely with the proviso that upon the death of the first taker without children there should be a limitation over to some third person. And it is insisted that the language of item 5 of William A. Reynolds' will, "said land not to be disposed of by them in any way except renting or leasing, and not subject to be sold for any debts they may contract," differentiates this case from the cases cited above, and requires the construction that it was the intention of the testator to give a life-estate to his children with remainder over to their respective children, should they leave any. To this contention we can not agree. We are of the opinion that there is nothing in the language last quoted that indicates any intention on the part of the testator to give his son a life-estate with the remainder over to his children. Certainly the testator does not so say expressly; and the rule of construction is that estates will not be created

by implication unless it be absolutely necessary to carry out the intention of the testator as gathered from the entire will; and furthermore implications are not favored by our law. *Hill* v. *Terrell,* supra. One of the rules of construction of wills is that where a testator used technical language having a definite legal meaning, he will be presumed to have used them in that sense unless a clear intention to the contrary is apparent from the context. 40 Cyc. 1398. It has been held that in determining whether or not a testator used words in their technical sense the court will consider whether or not the maker of the will was or was not familiar with the technical meaning of words and terms used. *Hill* v. *Terrell,* supra. In this view the third item of the will of testator has a direct bearing upon the question at issue in this case. In that item the testator created a life-estate in his wife as to certain lands, in the following language: "This land I bequeath to my wife, Frances Reynolds, during her natural life, and, after her decease, to be divided among my children or grandchildren." Construing this language in the third item of the will in connection with the language contained in the 5th item of the will, we are of the opinion that if the testator, by the 5th item of the will, had intended to create a life-estate for his children, with remainder to their children, he would have done so in the same exact and technical language that he used in the third item of his will with reference to the life-estate which he created for his wife, with remainder over to his children, etc. It may be added, that, considering the general testamentary scheme of the testator to vest the title to the property bequeathed and devised to them in fee simple, item 4 of the will throws light upon the question, where by such item testator devises to his daughter, Alice, in order to make her equal with the other children, in the following language: "As I have not given my daughter, Alice, as much land as the other children, I deem it right and proper to give and bequeath to her 100 acres more land than the distributive [share] among the other children." There is nothing in the 4th item, therefore, to indicate any other intention on the part of the testator than a desire to devise to his daughter, Alice, a fee-simple estate. So, from not only the 5th item of the will, but from the whole scheme of the will, considering it all together, we reach the conclusion that the testator intended by the 5th item of his will to

create in his children a base or qualified fee, subject to be divested on their dying without leaving child or children. Consequently the court did not err in sustaining the demurrer to the petition and in dismissing the case.

*Judgment affirmed. All the Justices concur.*