## HOPKINS *v.* VANCE.

GILBERT, J. 1. The will of P. L. Phillips, executed on January 29, 1916, provided in part: "I give and bequeath to my children [naming them, and including Mrs. Imy Hopkins] all the rest of my estate both real and personal, to share and share alike, each receiving their interest equally in my said estate. . . This gift being provided for after my wife has been provided for; and in case of death of any of the beneficiaries already named who may die without children, I will that such interest to revert back to my estate. The interest of Mrs. Imy Hopkins to be placed in the hands of my executor, G. W. Phillips, as trustee for her, and to be paid out to her as her needs may require; the said gifts here enumerated to go to the children other than specified unreservedly and without limitations whatever, for their own use or disposition as they see fit." Subsequently to the death of the testator Mrs. Hopkins died without child or children, but leaving her husband as her sole heir at law. *Held*, that each of the children named took, under the item of the will quoted, a defeasible fee to an interest which on his or her death, leaving no child, reverted to the estate of the testator. *Curles* v. *Wade*, 151 *Ga.* 142 (106 S. E. 1); *Reynolds* v. *Dolvin*, 154 *Ga.* 496 (114 S. E. 879).

2. The court did not err in overruling the demurrer, and in appointing a receiver.  *Judgment affirmed.  All the Justices concur.*

No. 4326.  OCTOBER 16, 1924.  REHEARING DENIED DECEMBER 16, 1924.

Receivership, etc.  Before Judge Hutcheson.  Campbell superior court.  December 24, 1923.

The will of P. L. Phillips, executed on January 29, 1916, provided: "I give and bequeath and devise to my wife, Georgia Ann Phillips during her life in widowhood and then to her bodily heirs, except Grady Feely which I shall hereafter provide for," described land, "said gift being free from all charge and limitations whatever, and the purpose of said gift being a provision for my wife and six children after my death, should I die first. I also give and bequeath to my said wife" described personalty. "I give and bequeath to my children [naming them, and including Mrs. Imy Hopkins] all the rest of my estate both real and personal, to share and share alike, each receiving their interest equally in my said estate. . . This gift being provided for after my wife has been provided for; and in case of death of any of the beneficiaries already named who may die without children, I will that such interest to revert back to my estate. The interest of Mrs. Imy Hopkins to be placed in the hands of my executor, G. W. Phillips, as trustee for her, and to be paid out to her as her needs may require; the said gifts here enumerated to go to the

children other than specified unreservedly and without limitations whatever, for their own use or disposition as they see fit." The testator died in February, 1917. Under the will G. W. Phillips, as trustee, purchased a described tract of land with the proceeds of the share in the estate of P. L. Phillips going to Mrs. Hopkins, and placed her in possession thereof. Subsequently she died without children, leaving her husband, G. T. Hopkins, as her sole heir at law. No other legatee named in the will has died. G. T. Hopkins retained possession of the land. After the death of Mrs. Hopkins the other legatees mentioned in the will filed a proceeding to partition the land, claiming that it had reverted to them under the will, and that it was impossible to divide the land in kind. An order was passed providing for sale of the property, and it was purchased by A. T. Vance. The purchase-price was paid to the commissioners appointed in the partition proceedings, but the proceeds have never been distributed. The sheriff was proceeding to dispossess G. T. Hopkins, who presented a petition for injunction. The court refused to grant an injunction. The Supreme Court reversed that judgment, deciding that Hopkins was not a party to and was not bound by the partition proceedings.

A petition was then brought by Vance, alleging that "the executors named in the will qualified, and proceeded to sell and did sell all of the testator's property and divided the proceeds among the legatees named in the will;" that he had bought the land as above stated; that Hopkins was in possession; that the profits were worth $120 per annum; and that Hopkins was insolvent and would be unable to respond to any judgment or decree entered against him. The prayers were that a receiver be appointed to take charge of and insure the property, collect and hold the property and rents. The defendant demurred to the petition, on the grounds: (1) that plaintiff shows no title in himself; (2) that the petition shows that title to the property is in the defendant; (3) that there is no equity in the petition and no ground for legal or equitable relief. The matter was submitted to the court upon the facts hereinbefore stated. Error was assigned upon the judgment of the court overruling the demurrer and appointing a receiver as prayed.

*Lawrence S. Camp* and *J. F. Golightly,* for plaintiff in error.
*H. A. Allen,* contra.