SHOCKLEY *et al. v.* STOREY, administrator, *et al.*

No. 12138.    MARCH 8, 1938.

*W. S. Northcutt* and *Claude Christopher,* for plaintiffs.

*Beck, Goodrich & Beck* and *R. C. Johnson,* for defendants.

GRICE, Justice.    ◼ It is the position of counsel for the defendant, that, under the conveyances from the other heirs at law of the elder Shockley, Homer A. obtained such title to the premises as,

upon his death without child or descendants of children, amounted to an unqualified fee, and the plaintiffs by their said deeds are estopped to claim adversely thereto. It is on the other hand the insistence of counsel for the plaintiffs, that neither of the deeds executed by the widow and children of James M. Shockley to Homer A. Shockley conveyed any title or interest in the property into Homer A. Shockley, and therefore that none passed to his grantee, Harris, for the reason that no title or assignable interest therein vested in the heirs at law of James M. Shockley until Homer A. died without issue; and therefore that the plaintiffs are not estopped from claiming adversely to their deed, with or without a warranty clause therein.

The first of the deeds from the other heirs at law of James M. Shockley to Homer A. Shockley was a quitclaim deed dated February 12, 1900. Such a deed does not estop the maker from afterwards setting up, as against the grantee or his assignee, a title acquired subsequently to the making of the deed. The second one, between the same parties, dated May 22, 1900, after naming as the consideration the sum of five dollars and love and affection, and further reciting that the grantors "have given, granted, conveyed, and relinquished and do by these presents give, grant, convey, and relinquish to the said H. A. Shockley all our right, title, or interest, and especially our interest in reversion under the will of our father, to the following described lands," etc., contained a description of the lands sued for, and referred to the designated premises as "the home place" of the late James M. Shockley. This deed in terms purports to convey a fee-simple title, and warrants the title as against the grantors and those claiming under them. Counsel's argument as to this deed is, that, while it describes, it nowhere attempts to convey, the property itself, but only the grantors' right, title, or interest therein; that they had no right, title, or interest therein, but only a possibility of reverter; and that the covenant of warranty will be limited to the right or interest which the grantors had in the property, which in this case was a bare contingency or possibility incapable of being conveyed.

A deed which on its face purports to convey a bare contingency or possibility, and in which there is nothing to show a present right, is void, and a covenant of warranty in such deed will not inure to the benefit of the vendee, his heirs or assigns, so as to

subject after-acquired property of the vendor to such covenant. *Dailey* v. *Springfield,* 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943). In the *Dailey* case a vendor conveyed "all the present rights in or title to all interests that" the vendor "may become possessed of, either by inheritance or by deed from" the mother of the vendor in certain city lots which the mother "now owns" in a certain city, and any interest he "may in the future become possessed of in any other city property, . . either by deed or inheritance from" the mother. This court held that to be an attempt to convey a mere naked possibility without any present interest. In *Trammell* v. *Inman,* 115 *Ga.* 874 (42 S. E. 246), involving a marriage settlement, a widow conveyed to a trustee not only her rights, interests, and expectancy in the estate of her deceased husband, and in the estate of her deceased father, but also "her interest in and to the property of any other person by virtue of any gift, devise, or conveyance of any kind whatsoever made to her or to which she might at any time thereafter be entitled at law." It was ruled in that case that in so far as the instrument undertook to convey such interest as she might thereafter acquire in the property of any other person by virtue of any conveyance or by law, it was ineffectual, because it was a mere naked possibility without any present interest. Counsel seek to apply to the instant case the principle on which were founded the decisions in the two cases last cited. In the first one, the grantor conveyed a mere hope of inheriting something with the title to which he was in no way connected; in the second, the subject-matter was unidentified and unknown property which by a mere chance some one might give, devise, or convey to her. In the case before us, specific property was described, direct reference made to the will; under that will they would, upon the happening of a certain contingency, own this very property; their conveyance referred to it as "our interest in reversion under the will of our father;" and they warranted the title. Was that interest such an one as could be conveyed? A future interest may be conveyed by deed. Code, § 29-103. However, "a bare contingency or possibility may not be the subject of sale, unless there shall exist a present right in the person selling to a future benefit." § 96-102. This is not a statement that a possibility of reverter is inalienable. It is stated in 21 C. J. 1018, § 180: "A possibility of reverter is, at common law, not an estate;

it is not assignable nor devisable, unless made so by statute; but it is descendible and may be released to him in possession." Our statute next above quoted has modified the common law principle by prescribing the inhibition against alienation of "a bare contingency or possibility." In *Cooper* v. *Davis,* 174 *Ga.* 670, 673 (163 S. E. 736), the conveyance mentioned a contingency in which the estate would revert to the grantor. It was held that the grantor "'had such a contingent interest in said land as was assignable, and therefore subject to sale by his trustee in bankruptcy.'" In the opinion was quoted section 3674 of the Code of 1910 (1933, § 85-701), which contains the statement that "The rights of the reversioner are the same with those of a vested remainderman in fee." We think it significant that, as pointed out by Mr. Justice Gilbert, both remainder and reversion are referred to in that Code section as "an estate." Counsel for the plaintiffs, invoking the rule that a contingent remainder in fee is not assignable where the contingency is as to the person and not as to the event (compare *Morse* v. *Proper,* 82 *Ga.* 13 (8 S. E. 625); *Johnson* v. *Johnson,* 158 *Ga.* 534 (124 S. E. 18); Code, § 85-704), seeks to distinguish the case at bar from *Cooper* v. *Davis,* supra, for that in that case the reversion was to the grantor, the contingency being as to an event and not as to the person, while in the instant case the reversion was to the estate of the testator, which contingency, according to the contention, was as to the person. Where a will provides that title, on a certain contingency, reverts to testator's estate, the language means that it goes to the heirs of the testator. *Hopkins* v. *Vance,* 159 *Ga.* 309 (125 S. E. 592). And this means those who were the heirs at law of the testator at the time of his death. *Tate* v. *Tate,* 160 *Ga.* 449 (128 S. E. 393). The contingency here was as to an event. The only contingency existing when the heirs at law made their deed was as to an event, to wit, whether or not Homer A. Shockley should die without issue. We therefore reach the conclusion that the grantors in the deed to Homer A. Shockley had an assignable estate in the land they purported to convey.

■ "The maker of a deed can not subsequently claim adversely to his deed under a title acquired since the making thereof. He is estopped from denying his right to sell and convey." Code, § 29-111. Counsel for the plaintiffs insist that the rule does not

apply to a voluntary deed, and seek to show that there was no consideration for either of the deeds from the other heirs at law to Homer A. Shockley. The judge declined to admit the testimony offered for that purpose, being of the view that it was immaterial. We think the ruling was correct. The word "deed" in the Code section above quoted refers to a deed to property to which the grantor had no title nor in which he had any estate. Having held in the preceding division that the grantors did have an estate, they might convey it, either by quitclaim or warranty deed, for a consideration, or voluntarily. The question is, did they have an estate to convey, and did they convey it? The defendant was entitled to prevail, irrespective of the question of estoppel.

*Judgment affirmed. All the Justices concur.*