MOODY, administrator, *v.* BAXLEY TURPENTINE CORPORATION *et al.*

No. 14441. MARCH 10, 1943.

*Milton C. Grainger* and *J. B. Moore,* for plaintiff.

*Kennedy, McWhorter & Jenkins* and *Highsmith & Highsmith,* for defendants.

GRICE, Justice. The case calls for decision as to what was meant by the use of the word "then" in the item of the will shown in the foregoing statement of facts. Similar questions arose in *Harris* v. *Smith,* 16 *Ga.* 545, *Sanford* v. *Sanford,* 58 *Ga.* 259, and *Bryant* v. *Green,* 187 *Ga.* 89 (199 S. E. 804). It would seem to be unprofitable to discuss again the two possible meanings of the word, as was done in those cases, whether there used as an adverb of time, or as a word of reasoning. We are of the opinion that as here employed it was intended as a word of reasoning. It was not meant to designate the time of vesting the conditional remainder estate. In order for the plaintiff to prevail in his contention, it would have to be held that it was the intention of the testator that as to this lot of land an intestacy should occur in the event John Quincey Adams Moody predeceased the life-tenant. The presumption to the contrary is overcome only where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied. *Glore* v. *Scroggins,* 124 *Ga.* 922 (53 S. E. 690). The estate which Louisa Moody took was what is sometimes called a base fee, to be reduced to a life interest in the event she should die with-

out issue. The estate which went to John Quincey Adams Moody was a conditional fee in remainder. It was contingent as to an event, to wit, the death of Louisa Moody without issue. "If the remainderman shall die before the time arrives for possessing his estate in remainder, his heirs shall be entitled to a vested-remainder interest, and to a contingent-remainder interest when the contingency is not as to the person but as to the event." Code, § 85-704. Under this section the heirs of John Quincey Adams Moody, under whom defendant claims, had a contingent-remainder interest in the subject-matter of the suit.

In order for the plaintiff to prevail, we would also have to put out of view the Code section 85-708, which declares: "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." While it is true that "every will is a thing to itself" (*Glore* v. *Scroggins,* supra), and "when it comes to the construction of a will, precedents are of less value than is commonly true in other questions" (*Bryant* v. *Green,* supra; *Comer* v. *Citizens & Southern National Bank,* 182 *Ga.* 1, 5, 185 S. E. 77), nevertheless courts should, in passing upon the meaning of a clause in a will, use the analogies that have occurred in previous cases. What we here rule logically follows the principles heretofore adjudicated in other cases. See *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Jossey* v. *Brown,* 119 *Ga.* 758 (47 S. E. 350), and particularly the ruling announced in headnote 13; *Almand* v. *Almand,* 141 *Ga.* 372 (1, *b*) (81 S. E. 228); *Ward* v. *Ward,* 176 *Ga.* 849 (169 S. E. 120); *Bryant* v. *Green,* supra. The fact that in some of these authorities the remainder was to a class does not render inapplicable the principles that are controlling in the instant case. Our conclusion is that the deed from the heirs at law of John Quincey Adams Moody conveyed the title in remainder. The judgment excepted to was correct.    *Judgment affirmed.    All the Justices concur.*