SCRANTON-LACKAWANNA TRUST COMPANY, trustee,
*et al. v.* BRUEN *et al.*

No. 17062.   MAY 9, 1950.

*Alexander & Wells,* for plaintiffs.

*Douglas, McWhorter & Adams, Lawton & Cunningham,* and *Griffin B. Bell,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The first question for decision is whether or not the bequest of Mrs. Eliza Johnson Grigg to Bessie M. Beck gave her the absolute indefeasible title to the property mentioned, or whether the provisions in the bequest providing that, in case she died without children, the property would go to Henry H. Bruen, was a limitation on the ownership of the property and created a base or qualified fee in Mrs. Beck, with contingent remainder in Mr. Bruen.

Code § 113-812 declares: "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." Code § 85-704 declares: "If the remainderman shall die before the time arrives for possessing his estate in remainder, his heirs shall be entitled to a vested-remainder interest, and to a contingent-remainder interest when the contingency is not as to the person but as to the event. If the contingency shall be as to the person, and that person shall not be in esse at the time when the contingency happens, his heirs shall not be entitled."

Many early cases upheld the construction that a devise to A for her separate use, and in case she had no issue, to B, was a devise limited upon an indefinite failure of issue, which, under the English rules of interpretation, created an estate tail by implication under the statute de donis, and was therefore enlarged into a fee-simple estate by our act of December 21, 1821. *Hertz v. Abrahams,* 110 *Ga.* 707 (3) (36 S. E. 409), and citations.

However, the above rule in Georgia was changed by the act approved February 17, 1854 (Ga. L. 1853-1854, p. 72), the essential features of which are embodied in Code § 85-506, and thereafter this court has consistently held that, "Unless there be something to indicate a contrary intent on the part of the testator, a devise or bequest to a named person, followed by a provision that if he shall die childless the property shall pass to some other person, conveys to him a fee, subject to be divested upon his dying childless, or, as it is sometimes called, a base or qualified fee." *Hill* v. *Terrell,* 123 *Ga.* 49, 58 (51 S. E. 81); *Kinard* v. *Hale,* 128 *Ga.* 485 (57 S. E. 761); *Maynard* v. *Greer,* 129 *Ga.* 709 (1) (59 S. E. 798); *Phinizy* v. *Wallace,* 136 *Ga.* 520 (1) (71 S. E. 896); *Nottingham* v. *McKelvey,* 149 *Ga.* 463 (1) (100 S. E. 371); *Slappey* v. *Vining,* 150 *Ga.* 792 (105 S. E. 353); *Curles* v. *Wade,* 151 *Ga.* 142 (1) (106 S. E. 1); *Reynolds* v. *Dolvin,* 154 *Ga.* 496 (1) (114 S. E. 879); *McCoy* v. *Olive,* 168 *Ga.* 492 (1) (148 S. E. 327); *Sanders* v. *First National Bank of Atlanta,* 189 *Ga.* 450 (1) (6 S. E. 2d, 294); *Jenkins* v. *Shuften,* 206 *Ga.* 315 (1) (57 S. E. 2d, 283); *Stahl* v. *Russell,* 206 *Ga.* 699 (4) (58 S. E. 2d, 135).

The instant case is distinguished by its facts from *Crumley v. Scales,* 135 *Ga.* 300 (69 S. E. 531), relied on by the petitioner. The item of the will in that case, after devising the balance of the testator's estate to four named daughters, provided: "Should any of my said children die leaving child or children, such child or children shall take the share of their deceased parent." One of the daughters had no children when the will was executed. Each of the other three had children, who were the plaintiffs in that case, and who claimed that, under the item in question, if. one of the daughters referred to in the will should die at any time leaving children, such children would take the share of the deceased parent. It was held that the first sentence in the item

created an absolute estate in fee, and the subsequent provision, that should any of the devisees therein named "die leaving child or children, such child or children should take the share of their deceased parent," was not a limitation or lessening of the prior devise, but was alternative or substitutionary, and was to have effect only in the event of the first devisee dying before the death of the testator.

Nor are the decisions in *Wilcher* v. *Walker,* 144 *Ga.* 526 (87 S. E. 671); *Smith* v. *Slade,* 151 *Ga.* 176 (106 S. E. 106); *Munford* v. *Peeples,* 152 *Ga.* 31 (108 S. E. 454); *Moore* v. *Cook,* 153 *Ga.* 840 (4) (113 S. E. 526), in conflict with what is held in the present case, for those decisions involved a conflict between separate items of a will and in effect held that, where an absolute title is created by one part of a will, it will not be cut down to a lesser estate by a subsequent part, unless the intention to do so was clearly manifest.

In the instant case, Bessie M. Beck died without children. Henry H. Bruen survived Mrs. Grigg (the testatrix), but predeceased Bessie M. Beck. Item 9 clearly indicates a testamentary purpose that the estate devised to Bessie M. Beck should be subject to be defeated upon her dying without children. The fee which she took in the residue was a qualified or base fee, for the reason that there was a qualification annexed thereto that, if she died without children, it was to go over to Henry H. Bruen.

Having held that the property went to Mr. Bruen's estate on the death of Mrs. Beck without children—the next question is, did it pass under the terms of Mr. Bruen's will to his wife (Mrs. Elizabeth K. Bruen), and if not, who are the heirs of Henry H. Bruen? Mr. Bruen having predeceased Mrs. Beck, he was not entitled to the property at the time of his death, and therefore there was an intestacy under his will as to this property. Mrs. Elizabeth K. Bruen (the widow) and two children survived Mr. Bruen. That the two children are "heirs," is unquestionable. But is Mrs. Bruen an "heir" under the circumstances of this case?

Code § 85-504 provides in part: "Limitations over to 'heirs,' 'heirs of the body,' . . or words of similar import, shall be held to mean 'children,' whether the parents are alive or dead." Code § 113-903 provides: "Upon the death of the husband with-

out lineal descendants, the wife is his sole heir. . . If, upon death of the husband, there are children, . . the wife shall have a child's part." Construing these statutes together, a wife is an heir of her deceased husband.

Accordingly, the trial court did not err in holding that the entire devise under item 9 of Mrs. Grigg's will is now vested, by absolute indefeasible fee-simple title, jointly in the wife and children of Henry H. Bruen.

*Judgment affirmed. All the Justices concur.*