21051.   DODSON v. TRUST COMPANY OF GEORGIA,
Trustee, *et al.*

21057.   STENZEL *et al.* v. TRUST COMPANY OF
GEORGIA, Trustee, *et al.*

ARGUED OCTOBER 11, 1960—DECIDED NOVEMBER 10, 1960—
REHEARING DENIED NOVEMBER 22, 1960.

502

*Poole, Pearce & Hall, Margaret Hills Fairleigh,* for Dodson.

*Crenshaw, Hansell, Ware, Brandon & Dorsey, Howard & Harp, Harry V. Lamon, Jr., Howard & Storey,* contra.

HEAD, Presiding Justice. ■ Mrs. Florine Partridge Dodson, plaintiff in error in the main bill of exceptions, contends that the trial judge erred in holding that the remainder interest in the corpus of the trust estate, after the termination of the trust, will go to the next of kin of the testator who are in life at the time of the death of the last surviving legatee of the trust. The provision of the will in regard to a dissolution of the trust estate is as follows: "Upon the death of all the legatees herein named, such of the trust estate created in this Item as remains undisposed of hereunder, shall then pass to my heirs-at-law who may then be in life, and the trust estate dissolved and the property divided among them in the proportions to which they may be entitled in law."

The will specifically states that the trust estate is "for the benefit of my son, Duff Child Dodson . . . and his wife, Irene Williams Dodson, and my son, Willis Hall Dodson . . ." These are the only persons named as beneficiaries of the trust, and it will therefore be terminated on the death of Irene Williams Dodson, the only one of these three legatees now in life.

*Code* § 85-504 provides: "Limitations over to 'heirs,' 'heirs of the body,' 'lineal heirs,' 'lawful heirs,' 'issue,' or words of similar import, shall be held to mean 'children,' whether the parents are alive or dead; and under such words children, and the descendants of deceased children, by representation in being at the time of the vesting of the estate, shall take." *Code* § 85-701 provides: "An estate in remainder is one limited to be enjoyed after another estate is determined, or at a time specified in the future."

While the word "remainder" is not used in this provision of the will, it plainly created a trust estate in the income of the property during the life of three named legatees, with a limitation over to the testator's "heirs-at-law who may then be in life." Since the words "heirs at law" are "words of similar import" to those listed in § 85-504, they must be construed as meaning children and the descendants of children, no intention to the contrary being manifested. The trust estate was not to terminate before the death of both of the testator's sons, and the sons having died without issue, it can be determined at the present time that the estate in remainder in the corpus of the trust has failed. *Beasley v. Calhoun,* 178 Ga. 613 (173 S. E. 849). There being an intestacy as to this remainder estate, the reversionary interest in the testator's estate vested, upon his death, in those who were then his heirs at law, with the right of possession postponed until the death of the last life tenant. *Oliver v. Powell,* 114 Ga. 592 (4) (40 S. E. 826); *Smith v. Moore,* 129 Ga. 644, 646 (59 S. E. 915); *Armstrong Junior College Commission v. Livesey,* 189 Ga. 825 (7 S. E. 2d 678, 132 A. L. R. 1063).

The heirs at law of the testator at the time of his death were his two sons. The fact that the sons were life tenants of the trust estate would not prevent the vesting in them of the re-

versionary interest in the remainder estate. *Payne v. Brown,* 164 Ga. 171 (2) (137 S. E. 921). Each son died intestate, leaving a surviving widow, who would be his sole heir under the rules of inheritance. *Code* § 113-903. Mrs. Florine Partridge Dodson, the plaintiff in error, is now the owner of a vested one-half interest in any corpus of the trust estate which may remain after the death of the last surviving legatee of the trust estate (Mrs. Irene Williams Dodson), with the right of possession postponed until the termination of the trust estate.

■ Mrs. Florine Partridge Dodson further contends in her bill of exceptions that each of the widows of the testator's sons is entitled to one-half of the income from the trust estate during the lifetime of Irene Williams Dodson, and each is vested with a one-half undivided interest in the remainder estate, and that the lesser estate is merged in the greater estate, so that each would now be entitled to a one-half undivided interest in the corpus of the estate. (On merger of estates, see *Code* § 85-710; *Wilder v. Holland,* 102 Ga. 44, 29 S. E. 134; *Bowen v. Driggers,* 138 Ga. 398, 75 S. E. 318.) The language in the will upon which Mrs. Florine Partridge Dodson relies to sustain her contention that she is entitled to one-half of the income of the trust is the following: "Upon the death of Willis Hall Dodson, the share of said income otherwise payable to him [one-half] shall be paid to his legal heirs." She asserts that no estate is created by this provision which could be the subject of a limitation over so as to invoke the rule in *Code* § 85-504, that the legal title remains in the trustee until the termination of the trust estate, and the "legal heirs" of Willis Hall Dodson are simply substituted for him as income beneficiaries pending the time for the vesting of the remainder.

Willis Hall Dodson was married to Florine Partridge Dodson at the time the testator made his will, and he could have named her a beneficiary in the will if he had so desired. Certainly there is nothing in the provision of the will setting up the trust which indicates that he intended a different meaning to the words "his legal heirs" than their legal significance under applicable rules of law. If a remainder estate in the income of the trust estate was created in the legal heirs of Willis Hall Dodson,

in the event that he died before the termination of the trust estate, then there was a "limitation over" to such legal heirs, and *Code* § 85-504 establishes the meaning of the words "legal heirs" (being words of similar import to those contained in the section) to be children and the descendants of children.

In *Ewing v. Shropshire*, 80 Ga. 374, 377 (7 S. E. 554), a definition was given of a "limitation over," which has been cited and followed in a number of cases. It was there held: "What is a 'limitation over'? In a large sense, and no doubt in the sense intended by the Code, it includes any estate in the same property created or contemplated by the conveyance to be enjoyed after the first estate granted expires or is exhausted." *Code* § 85-104 defines an "estate" as follows: "Estate is the quantity of interest which an owner has in property. It is applicable equally to realty and personalty. Any estate that can be created in the former may be created in the latter, and the rules of construction as to both shall be the same."

A remainder estate is not necessarily the entire estate that is left after a previous estate is determined. A legatee may have an estate for life, his own or that of some other person (*Code* § 85-601), and still be a remainderman. *Buchanan v. Nicholson*, 192 Ga. 754, 768 (16 S. E. 2d 743). The contingent interest given to the "legal heirs" of Willis Hall Dodson, in the event that he died prior to the termination of the trust estate, was an "estate" to be enjoyed after his estate expired, and there was thus a "limitation over" to his legal heirs. The fact that the title to the trust property was to remain in the trustee during the entire period of the life tenancy would not prevent the application of the usual rules of construction as to the estates created. *Lane v. Citizens & Southern Nat. Bank*, 195 Ga. 828, 833 (25 S. E. 2d 800).

*Code* § 85-504 would apply with equal force to this limitation over in the trust income as to the one in the corpus of the estate, dealt with in the first division of this opinion, and under the same factual situation, there would be an intestacy as to this one-half interest in the income of the trust, and the widows of the two sons of the testator, as the sole heirs of the sons, under the rules of inheritance (*Code* § 113-903) would be entitled to

this income. Mrs. Florine Partridge Dodson would thus only be entitled to one-fourth of the entire income of the trust property, and there could be no merger of estates for this reason. There could be no merger of estates for the further reason that Mrs. Irene Williams Dodson was given the privilege of drawing on the corpus of the trust estate under certain circumstances. Mrs. Florine Partridge Dodson, not being a legatee under the item creating the trust estate, would not be entitled to exercise the privilege given to the "legatees" to draw on the corpus.

The rulings above made on the main bill of exceptions dispose of all the questions made as to the construction of the will, and it is unnecessary to consider the cross-bill.

*Judgment reversed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*