30004, 30005. WISSE et al. v. ANDERSON et al.; and vice versa.

JORDAN, Justice.

These appeals are from the grant of a partial summary judgment in an action for the construction of the will of H. T. Hudson, the cancellation of deeds, and other relief.

The action was brought by Mrs. Henrijo Hudson Wisse and Mrs. Katherine Hudson Herrington, daughters of the testator, against Mrs. Marguerite S. Anderson and Mrs. Leone G. Hudson, individually and as executrix of R. B. Hudson. The two plaintiffs and R. B. Hudson were all of the children of the testator. The testator died in 1930, and his widow died in 1971. In 1956 R. B. Hudson deeded to his wife, Mrs. Leone Hudson, 300 acres of land described in Item 4 of the will of H. T. Hudson. R. B. Hudson died in 1958, and no child or children were ever born to him. By his will he gave all of his property to his wife, Mrs. Leone Hudson. Soon after the death of the testator's widow, Mrs. Leone Hudson executed a warranty deed to Mrs. Marguerite Anderson purporting to convey the three tracts of land described in Item 4 of H. T. Hudson's will in fee simple.

The plaintiffs assert that under the will of H. T. Hudson, R. B. Hudson had no right to convey the fee simple title to the 300 acres in the deed to his wife, Mrs. Leone Hudson, in 1956, while the life tenant, Mrs. H. T. Hudson, was living, and this deed is void; and that no estate was created in Mrs. R. B. Hudson under the will of H. T. Hudson, and she had no right to convey the property described in Item 4 of the will to Mrs. Anderson.

Item 3 of the will of H. T. Hudson gave all of his property to his wife, Katie Brooks Hudson, for her life.

Item 4 of the will provided: "At the death of said wife, it is my desire and I will and bequeath to my son, R. B. Hudson, the following real estate [describing three tracts of land]. It is my will and desire, that in the event there is

no child or children born to my said son, then and in that event, after death of my said son, R. B. Hudson and his wife, the remainder of said property that he has not disposed of shall revert back to the estate of the said H. T. Hudson to be disposed of in terms of the law of inheritance of this State. Now while I am only giving to my said son, R. B. Hudson, a life interest in the property designated in this Item of my will, subject to the stipulations set out in said Item it is not my purpose to fix all of said property so he cannot use some of it for ready money, in the event it becomes necessary for him to improve or repair it or for any other purpose, Therefore, I give him the right and power to sell any 300 acres included in this Item subject to the limitation set out in Item 7 of this will, and I expressly give to him the right and power to sell said land to any one he desires without any order of court, and either at private or public sale as he sees fit, and I also give him the same power and authority to make good and sufficient titles, to said lands as I now possess."

Items 5 and 6 devised described property to his daughters, the plaintiffs. Item 7 designated particular tracts of 100 acres each in Items 4, 5, and 6 that his widow could sell. (This right was never exercised by her.)

The plaintiffs filed a motion for summary judgment based on the pleadings and the depositions of Mrs. Marguerite Anderson and Mrs. Leone G. Hudson.

The trial judge entered a partial summary judgment in which he held that R. B. Hudson had the right, in 1956, to convey the tract of 300 acres to his wife, Mrs. Leone Hudson, if there was a valuable consideration and no fraud, and the right to convey this tract to Mrs. Anderson in fee simple. He held that a jury question remained on the question of consideration and fraud as to the deed from R. B. Hudson to his wife. He further held that Mrs. Leone Hudson had only a life estate in the other two tracts described in Item 4, and this was all that she could convey to Mrs. Anderson, since the property would revert to the heirs of H. T. Hudson at the death of Mrs. Leone Hudson.

In Case No. 30004, Mrs. Wisse and Mrs. Herrington contend that the judge erred in holding that R. B. Hudson had the right to convey the tract of 300 acres to his wife in 1956, prior to the death of the testator's widow, and in

holding that Mrs. Leone Hudson had a life estate in the other two tracts described in Item 4 of H. T. Hudson's will.

In Case No. 30005, Mrs. Leone Hudson and Mrs. Marguerite Anderson contend that the judge erred in holding that Mrs. Leone Anderson's title to the tract conveyed to her by her husband, R. B. Hudson, was contingent on the question of whether there was consideration and no fraud, and in holding that she could convey only a life estate in the other two tracts.

A certificate for immediate review was signed by the trial judge.

1. The defendants contend that the plaintiffs cannot obtain the relief sought because they have not offered to restore to Mrs. Anderson the consideration she paid for the deed from Mrs. Leone Hudson.

There is no merit in this contention. The consideration was not paid to the plaintiffs, and they had nothing to restore. A person buying property devised under a will takes the deed subject to the terms of the will.

2. The first question for determination in the construction of the will of H. T. Hudson is the nature of the estate given to R. B. Hudson by Item 4.

The item first appears to devise a remainder interest in fee in three tracts of land to R. B. Hudson, subject to being divested if no child or children were born to him, or a defeasible fee. *Gibson v. Hardaway,* 68 Ga. 370; *Daniel v. Daniel,* 102 Ga. 181 (1) (28 SE 167); *Jenkins v. Shuften,* 206 Ga. 315 (1) (57 SE2d 283); *Scranton-Lackawanna Trust Co. v. Bruen,* 206 Ga. 872, 874 (59 SE2d 397).

The further language, "Now while I am only giving to my said son, R. B. Hudson, a life interest in the property designated in this Item . . .," is consistent with the contingency that no child or children be born to him. If this language should be construed to mean that only a life estate was devised, the reverter provision would have no meaning. An express devise of lands cannot be reduced to a lesser estate by subsequent language of doubtful meaning. *McDonald v. Suarez,* 212 Ga. 360 (1) (93 SE2d 16).

We conclude that by Item 4 R. B. Hudson was given a defeasible fee in remainder in the property described therein.

3. The next question for determination is the time of vesting of the defeasible remainder estate in R. B. Hudson.

Item 4 provided: "At the death of said wife, etc." Reference is to the death of the testator's widow.

These words do not designate the time at which the remainder interest vests, but merely specify the time for possession of the estate.

It is the general rule that: "If the remainderman shall die before the time arrives for possessing his estate in remainder, his heirs shall be entitled to a vested-remainder interest, and to a contingent-remainder interest when the contingency is not as to the person but as to the event." Code § 85-704.

There is nothing in the will to indicate an intention contrary to the general rule, and the defeasible remainder estate of R. B. Hudson vested at the death of the testator.

4. It is necessary to determine whether the 1956 deed from R. B. Hudson to his wife, conveying 300 acres of the land described in Item 4 of the will of H. T. Hudson, was a proper exercise of the power of sale given to R. B. Hudson in this Item.

The primary purpose of the courts in construing the provisions of a will is to give effect to the testator's intentions, but it is the rule that a power of disposition contained in a will and the mode of its exercise will be strictly construed when it will have the effect of cutting out executory devisees. *Smith v. Slade,* 151 Ga. 176 (2) (106 SE 106); *Reynolds v. Dolvin,* 154 Ga. 496 (1) (114 SE 879); *Jenkins v. Shuften,* 206 Ga. 315 (2), supra.

Item 4 provided that in the event no child or children was born to R. B. Hudson, "the remainder of said property that he has not disposed of shall revert, etc." This language expresses the purpose of the testator to allow R. B. Hudson to convey in fee simple 300 acres of the land devised to him, with no defeasance of the title to the grantee in the deed should R. B. Hudson die without having any child or children.

There is no language in the authorization to sell which postpones this right until the death of the life tenant. The fact that the right is made "subject to the limitation set out in Item 7," which item gave the

testator's widow the right to sell 100 acres of the property described in Item 4, would indicate that the testator contemplated that R. B. Hudson might exercise his right to sell prior to the widow's death.

The testator's will stated that the 300 acres might be sold "for ready money, in the event it becomes necessary for him to improve or repair it or for any other purpose." The plaintiffs urge that this language indicates that the property could only be sold after R. B. Hudson came into possession and had the need to improve or repair it, and that the words "for any other purpose" mean a like purpose in connection with the property.

Under the broad language authorizing R. B. Hudson to sell "for any other purpose," and to make a good and sufficient title in the same manner as the testator then possessed, we conclude that the testator did not intend that R. B. Hudson's right to sell 300 acres could be exercised only for a purpose similar to repairing or improving the property

The plaintiffs further contend that, even if R. B. Hudson had the right to *sell* 300 acres of land in 1956, he did not have the right to *give* the land to his wife. Item 4 authorized R. B. Hudson, "for ready money," to "sell" 300 acres of the land devised to him. It did not authorize him to make a gift of the property, and we conclude that he had no such right.

The plaintiffs assert that the deposition of Mrs. Leone Hudson shows conclusively that there was no consideration paid by her to her husband, and that the trial judge on summary judgment should have found that there had been no legal exercise of the power to sell the 300 acres of land.

Mrs. Leone Hudson deposed that she paid no consideration for the deed from her husband. There can be no doubt from reading the deposition of Mrs. Leone Hudson that she has a failure of memory by reason of illness, and has little recollection of events transpiring in 1956. The deed itself recited a consideration of $1,000 and other valuable consideration and attached documentary stamps indicated a consideration of $5,000. This would be sufficient evidence that consideration was paid to make an issue of fact on summary judgment.

The trial judge therefore properly held that an issue of fact remained as to whether there was consideration for the deed from R. B. Hudson to Mrs. Leone Hudson.

5. At the death of R. B. Hudson without a child or children having been born to him, the defeasible fee in remainder in the property devised in Item 4 which he had not disposed of reverted "back to the estate of the said H. T. Hudson to be disposed of in terms of the law of inheritance of this State." The time of the possession of the reversion was postponed until the death of R. B. Hudson's wife.

"Where a will provides that title, on a certain contingency, reverts to testator's estate, the language means that it goes to the heirs of the testator. *Hopkins v. Vance,* 159 Ga. 309 (125 SE 592). And this means those who were the heirs at law of the testator at the time of his death. *Tate v. Tate,* 160 Ga. 449 (128 SE 393)." *Shockley v. Storey,* 185 Ga. 790, 793 (196 SE 702); *Melton v. Camp,* 121 Ga. 693 (49 SE 690); *Guess v. Morgan,* 196 Ga. 265 (3) (26 SE2d 424).

It is obvious that the word "then" is synonymous with the words "in that event" in the phrase "then and in that event" in Item 4, and there is nothing in the will to indicate that the testator did not intend that his heirs at law be determined as of the date of his death. Compare *Bryant v. Green,* 187 Ga. 89 (199 SE 804); *Moody v. Baxley Turpentine Corp.,* 195 Ga. 482 (24 SE2d 652).

The fact that R. B. Hudson was the defeasible remainderman of this property which reverted to H. T. Hudson's estate, would not prevent the vesting in him of his one-fourth share of the reversionary interest in the property as one of the four heirs of his father. *Schriber v. Anderson,* 205 Ga. 343 (3) (53 SE2d 490); *Dodson v. Trust Co. of Ga.,* 216 Ga. 499, 503 (117 SE2d 331).

By his will R. B. Hudson left all of his property to his wife, Mrs. Leone Hudson. She thus obtained under his will his one-fourth interest in the property which reverted under Item 4. Her deed to Mrs. Anderson, executed after her husband's death, conveyed this one-fourth interest.

6. In accordance with the above rulings, we affirm the holding of the trial judge that R. B. Hudson had the right to convey the tract of 300 acres to his wife in 1956, if

there was a valuable consideration, in which event she had the right to convey this tract to Mrs. Anderson in fee simple, and that a factual issue remained as to the consideration of this deed.

We reverse the ruling that Mrs. Leone Hudson had only a life estate in the other two tracts, since we have concluded that she owned a one-fourth undivided interest in these tracts.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Undercofler, P. J., and Ingram, J., who concur specially.*

ARGUED JUNE 10, 1975 — DECIDED SEPTEMBER 16, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*George E. Saliba, Wisse, Kushink, Calhoun, Godwin & Long, William Wisse,* for appellants.

*Byrd, Groover & Buford, Denmark Groover, Jr., J. Pierce Anderson,* for appellees.

UNDERCOFLER, Presiding Justice, concurring specially.

In my opinion the will in the instant case specifically gives to R. B. Hudson a life estate with the power to dispose of a portion of it rather than a defeasible fee as held by the majority. *Williams v. Bullock,* 231 Ga. 179 (200 SE2d 753). It makes no difference here because the devisee had no children. However, had the devisee left children the result would be significantly different. As a defeasible fee the devisee would take a fee simple. As a life estate the children would take a remainder by implication. *Matthews v. Hudson,* 81 Ga. 120 (7 SE 286); *Stone v. Franklin,* 89 Ga. 195 (15 SE 47); *Whittle v. Speir,* 235 Ga. 14; Estates Tail in Georgia, William H. Agnor, 13 Ga. B. J. p. 27 (1950-51).

I am authorized to state that Justice Ingram joins in this special concurrence.