## 34488. GRESHAM et al. v. GANNON et al.

UNDERCOFLER, Presiding Justice.

This action for declaratory judgment was brought by the nieces and nephews of John P. Upshaw[1] seeking construction of the term "next of kin" in the testator's will and a declaration of their rights and legal relations. The trial court granted a motion to dismiss for failure to state a claim. We affirm.

1. At the termination of the life estates and of the failure of the charitable devise to Social Circle Schools under our holdings in *Smyth v. Anderson,* 238 Ga. 343 (n. 1) (232 SE2d 835) (1977), the disposition of the estate was controlled by the following reversionary clause in the will: "In the event said property is not accepted by said Social Circle Schools or used for any other purpose that (sic) above indicated and directed, it is to revert to my estate and go to my next of kin." "Where a will provides that title, on a certain contingency, reverts to testator's estate, the language means that it goes to the heirs of the testator. [Cit.] And this means those who were heirs at law of the testator at the time of his death." *Wisse v. Anderson,* 235 Ga. 255, 260 (219 SE2d 393) (1975). "[A] will is [to be] construed according to the law in effect at the testator's death . . . unless the will indicates a contrary intention by the testator." *Smyth v. Anderson,* supra, p. 346; *Wilson v. Ingram,* 207 Ga. 271 (61 SE2d 126) (1950). Accordingly, next of kin are to be determined at the time of the death of the testator where, as here, the words are not accompanied by any qualifying or other explanatory expressions.

Appellant distinguishes reversions and possibility of

---

[1]A full discussion of the contents of John Upshaw's will is contained in *Smyth v. Anderson,* supra. There we held an adopted daughter could not take under this will, and the doctrine of cy pres could not be invoked to permit Social Circle Schools to accept a charitable trust whose income could only be used for the benefit of white children. We did not reach a determination of who were "next of kin" in that case.

reverters. He argues that the future estate here is the latter and that by its use the testator intended to distribute the estate to his "next of kin" living at the termination of the preceding estate. We do not agree. First, "[t]he possibility of reverter is really only the reversion that follows a determinable fee. It is believed that it is nothing more or less than a true reversion." Agnor, Defeasible Fees, 1955, p. 57. Second, a possibility of reverter, if technically not a reversion, is alienable and in the event of intestacy, it is transmitted in Georgia by descent rather than by representation. "More than any other jurisdiction, Georgia permits the free transfer of both the possibility of reverter and the right of entry. The rule of representation was easily rejected." Agnor, supra, p. 148.

2. If there is no contrary intention expressed in a will, as is the case here, words and phrases will be given their ordinary and accepted meaning and the words "next of kin" mean "literally, those who would inherit by law." *Butts v. Trust Co. of Georgia,* 209 Ga. 787, 789 (75 SE2d 745) (1953). Compare, *Fourth National Bank of Columbus v. Brannon,* 227 Ga. 191, 193-194 (179 SE2d 232) (1971). At the time of John P. Upshaw's death, he was survived by his wife and daughter, Nell. These are the immediate next of kin at the time of the testator's death. See Code Ann. §§ 113-902 and 113-903. Accordingly, the nieces and nephews have no claim to the estate, and the trial court did not err in dismissing the petition for failing to state a claim.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 19, 1979 — DECIDED MARCH 7, 1979.

*Strother, Weiner & Dwyer, John R. Strother, Jr., Beryl H. Weiner, James S. S. Howell,* for appellants.

*Erwin, Epting, Gibson & McLeod, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, D. F. McClatchey, Rupert A. Brown,* for appellees.